IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

95-7207-CIV-GRAHAM

(Magistrate Judge Sorrentino)

FILED BY _____ D.C.

**97 SEP -9 AM 8 04**

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

TIMOTHY BROWN,                    :
                                  :
          Petitioner,             :
                                  :
vs.                               :
                                  :
HARRY K. SINGLETARY,              :
                                  :
          Respondent.             :
_____/

---

## PETITIONER'S MOTION FOR DISCOVERY
## AND FOR A STAY OF THE BRIEFING SCHEDULE PENDING DISCOVERY

---

The petitioner, Timothy Brown, through counsel and pursuant to Rule 6 of the Rules

Governing § 2254 proceedings, and Rules 30 and 45 of the Federal Rules of Civil Procedure,

respectfully requests that the Court (1) issue a subpoena duces tecum directing the records custodian

of the state attorney's files in State v. Timothy Brown, Case No. 91-14793CF10B and State v. Keith

King, Case No. 91-14793CF10A, to produce those entire files; (2) permit the records custodian of

those files to be deposed; and (3) stay the deadline for the filing of the supplemental memorandum

pending completion of that discovery, as well as any ensuing discovery, and in support thereof, states:

1. In his pro se petition, Mr. Brown has argued that his taped statement to Broward

Sheriff's Office deputies, was insufficient as a matter of law to sustain his conviction for aiding and

abetting the first degree murder of BSO Deputy Patrick Behan. As the Court is aware, this statement

was the sole piece of evidence introduced against Mr. Brown in his trial. There was neither physical nor circumstantial evidence linking him to the crime.

2. At the time Mr. Brown made that statement, he was fifteen years old and functioning on a third-grade level. His I.Q. was a mere 56 -- he was mentally retarded. No parent was present with him, he was shackled, and -- prior to making the statement -- repeatedly reminded of a prior confession he had made when he was high on crack and not Mirandized.

3. In its original order appointing counsel, the Court authorized counsel to amend the pro se petition, if necessary, to include additional claims cognizable in habeas, and counsel has advised the Court that she indeed intends to amend the pro se petition to raise the voluntariness issue, and to seek an evidentiary hearing thereon. Counsel is continuing to review the record, and researching other potential issues as well.

4. Undersigned counsel has started to investigate the voluntariness and other issues using the case files in the Broward County Court Clerk's office and the trial attorney's casefile. However, she cannot fully evaluate all issues, ascertain whether the trial attorney's file is complete,[1] definitively determine what other investigations (including depositions) to pursue, or present any and all issues on Mr. Brown's behalf in a memorandum to the Court, without -- as a threshold matter -- first examining the State Attorney's Office files in the Brown and King (the co-defendant's)[2] cases.

---

[1] There is reason to believe that trial counsel's file is **not** complete, given the absence from the file of the cassette tape of the statement made by Mr. Brown -- a crucial omission. As of this writing, counsel has not been able to locate a copy of the tape with trial counsel, appellate counsel, Assistant Attorney General Ash, or in the Broward County Clerk's Office's case file. Counsel obviously cannot effectively evaluate or present either the sufficiency or voluntariness issues to this Court, without this crucial audiotape.

[2] In his statement, Brown had said that Keith King was the person who actually shot Deputy Behan. King was 17 at the time of the shooting, and was facing the death penalty if

5. The State Attorney's files in these two closed cases are "public records" as defined in Fla. Stat. § 119.011(1) and (2). On August 26, 1997, undersigned counsel made public records law requests for these documents. (See attached). The requests were faxed to the custodian of the records.

6. On August 28, 1997, the custodian of the records, Theresa Feest, telephoned undersigned counsel. She acknowledged receipt of the requests, but advised that because of the volume of files connected with the case and her office's shorthandedness, it would take no less than four weeks to get the files in question ready for inspection. In addition, Ms. Feest explained that she had to refer the files to a state attorney **for his own inspection, to assure that those records that did not fall under the Public Records Act, were not released**.

7. Undersigned counsel informed Ms. Feest of the current October 13, 1997 deadline for the filing of the supplemental memorandum, and asked for the files (at the latest) by September 15. Ms. Feest responded that it was practically an impossibility for her to have the files ready by that date.

8. If the files are not turned over immediately, it will be impossible for undersigned counsel to complete all necessary investigations and complete the supplemental memorandum by the October 13 deadline. Indeed, even if the files are turned over immediately, it is unlikely that all discovery issues can be resolved in advance of that date, due to the massive nature of the casefiles in question. Not only does counsel expect the state attorney's file to disclose additional facts as to which depositions may need to be taken, but it is also possible -- if the state attorney removes

---

convicted. After Brown was tried, convicted, and sentenced to life in prison without parole, the state offered King a plea to manslaughter, and a sentence of 15 years (concurrent with sentences on two other cases -- indecent assault and attempted sexual battery of a child).

documents from the file before making it available to counsel -- that counsel will have to litigate whether or not the removed documents were properly removed.  (Pursuant to the Public Records Law, if the state attorney removes any documents from the file, the records custodian must state the basis for any claimed exemption.  <u>See</u> § 119.07(2)(a).  Pursuant to this law as well, public records to which an exemption is claimed, may <u>not</u> be destroyed, but rather, must be submitted to the court for an <u>in camera</u> review.  <u>See</u> § 119.07(2)(b)-(d)).

9.  The rules governing § 2254 cases authorize the Court to grant a request for discovery upon "good cause shown."  <u>See</u> Rule 6, Rules Governing Section 2255 Proceedings.  Upon a showing of "good cause," rule 6(a) authorizes any party to "invoke the processes of discovery available under the Federal Rules of Civil Procedure."  Fed. R. Civ. P. 30 authorizes a party to take a deposition of any person upon oral examination.  Rule 30(b)(1) provides, "If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice."  Rule 45 governs the issuance of subpoenas, and states "A command to produce evidence or to permit inspection may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately."

10.  Due to the state's refusal to turn over these public records in a timely fashion, and due to the expressed possibility of removal of documents from the case files, Mr. Brown asks the Court, pursuant to the above-quoted rules, to issue a subpoena <u>duces tecum</u> for the entire case files in <u>State v. Timothy Brown</u>, Case No. 91-14793CF10B and <u>State v. Keith King</u>, Case No. 91-14793CF10A.

11.  Additionally, pursuant to Fed. R. Civ. P. 30, Mr. Brown seeks to depose the records custodian to ascertain whether the file is complete, and if not, what has been removed, by

4

whom, and on what grounds.  Mr. Brown finally asks that the Court order that if the state attorney removes any documents from the file prior to turning the file over to counsel for the Petitioner, that the state seal and file those documents with the court for an in camera review as to whether there is indeed, any applicable exemption from disclosure.

12.  This motion is not made for the purpose of delay, but rather, for the purpose of rendering effective assistance to Mr. Brown, in what will be his one and only chance at federal habeas corpus relief from his conviction and life sentence.

WHEREFORE, the petitioner, TIMOTHY BROWN, respectfully requests that the Court issue a subpoena duces tecum for the entire state attorney's files in the Brown and King cases; that it permit Mr. Brown to take a deposition duces tecum of the Records Custodian; that it order that any documents removed from the file, to be sealed and submitted to the Court for an in camera review; and that it stay the deadline for the filing of the supplemental memorandum pending counsel's receipt and review of the files in question, at which time counsel will advise the Court as to what additional discovery is requested and what additional time is necessary to accomplish it.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: Brenda G. Bryn
Brenda G. Bryn
Assistant Federal Public Defender
Florida Bar No.  0708224
101 N.E. 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
Tel./FAX: (954) 356-7436/7556

5

# FEDERAL PUBLIC DEFENDER
## Southern District of Florida

KATHLEEN M. WILLIAMS
Federal Public Defender

Office:   **Ft. Lauderdale**

August 25, 1997

Custodian of Records
Broward County State Attorneys Office
Ft. Lauderdale, FL

Re: **State of Florida v. Keith King**
Case No. **91-14793 CF10A**

Dear Custodian:

Request is hereby made pursuant to Florida Statute 119, The Public Records Act, for the inspection of any and all documents in the possession of your agency related to the above styled case including but not limited to the following:

a. **The entire case file.**

Pursuant to Florida Statute 119.01 and 119.07 please provide copies of all records to my investigator Ray Rodriguez. If there are any problems with this request please call me at 954/356-7436 ext. 102.

Very truly yours,

Brenda G. Bryn
Assistant
Federal Public Defender

BGB/de

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** |
|---|---|---|
| 150 West Flagler Street | 101 Northeast Third Avenue | 400 Australian Avenue North |
| Suite 1700 | Suite 202 | Suite 300 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1100 | West Palm Beach, FL 33401-5040 |
| Tel: (305) 530-7000 | Tel: (954) 356-7436 | Tel: (561) 833-6288 |
| Fax: (305) 536-4559 | Fax: (954) 356-7556 | Fax: (561) 833-0368 |

# FEDERAL PUBLIC DEFENDER
## Southern District of Florida

KATHLEEN M. WILLIAMS  
Federal Public Defender

Office:   Ft. Lauderdale

August 25, 1997

Custodian of Records  
Broward County State Attorneys Office  
Ft. Lauderdale, FL

   Re: **State of Florida v. Timothy Brown**  
   Case No. **91-14793 CF10B**

Dear Custodian:

Request is hereby made pursuant to Florida Statute 119, The Public Records Act, for the inspection of any and all documents in the possession of your agency related to the above styled case including but not limited to the following:

   **The entire case file**.

Pursuant to Florida Statute 119.01 and 119.07 please provide copies of all records to my investigator Ray Rodriguez. If there are any problems with this request please call me at 954/356-7436 ext. 108.

      Very truly yours,

      Brenda G. Bryn  
       Assistant  
      Federal Public Defender

BGB/de

---

| **Miami** | **Ft. Lauderdale** | **West Palm Beach** |
|---|---|---|
| 150 West Flagler Street | 101 Northeast Third Avenue | 400 Australian Avenue North |
| Suite 1700 | Suite 202 | Suite 300 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1100 | West Palm Beach, FL 33401-5040 |
| Tel: (305) 530-7000 | Tel: (954) 356-7436 | Tel: (561) 833-6288 |
| Fax: (305) 536-4559 | Fax: (954) 356-7556 | Fax: (561) 833-0368 |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this _4th_ day of

September, 1997, to Assistant Attorney General Patricia Ash, 1655 Palm Beach Lakes Boulevard,

Suite 300, West Pam Beach, Florida 33401-2299.

Brenda G. Bryn