IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Timothy Brown,

    Petitioner,

vs.

    CASE NO.: 95-7207-CIV-Graham
    Magistrate Judge Sorrentino

Harry K. Singletary,
    Respondent.

RESPONSE TO PETITIONER'S MOTION FOR DISCOVERY

COMES NOW Respondent, Harry K. Singletary, by and through the undersigned counsel, pursuant to this Court's order of September 19, 1997 and responds that the Petitioner's request for the issuance of subpoenas duces tecum should be denied pending the following:

1. Contrary to the Petitioner's assertion. the statement was not the sole piece of evidence introduced against Mr. Brown at trial. The sequence of events leading up to Deputy Behan's murder and the murder as described in the statement, is inconsistent with any reasonable hypothesis of innocence. Petitioner's actions spoke louder than his words.

2. Contrary to Petitioner's assertion that he was mentally retarded, the Petitioner was determined to be competent to stand trial and capable of understanding right from wrong.

F:\USERS\APPEALS\PATRICIA\BROWN.RES

3. Petitioner's counsel states that she spoke with the undersigned about the whereabouts of the taped statement, which she was not able to locate. The undersigned informed counsel that The Fourth District Court of Appeal had returned that cassette to the Broward County Clerk's Office after mandate had issued. The undersigned spoke with clerk Becky Sakowski on September 24, 1997, and was informed that the cassette **was** in the clerk's evidence file. Petitioner's counsel has access to that tape through a public records request. The Petitioner's counsel has premised her assertion that there is an expressed possibility that documents have been removed from the files by the State Attorney's Office on the fact that **she** was unable to locate the cassette taped statement ( Petitioner's motion p.2 footnote 1). The cassette is not missing and the assumption is invalid.

4. The Petitioner's counsel mailed her public records request on September 4, 1997. She requested the files for September 15, 1997, **at the latest.** She now accuses the State of refusing to turn the files over in a timely fashion (Petitioner's motion p. 4 #10). Section 119.07 Florida Statutes provides that the records shall be provided in a reasonable time. Counsel's request was not reasonable. These cases have voluminous files.

5. The undersigned spoke with the custodian of records of the State Attorney's Office, Theresa Feest on September 24, 1997, who stated that she had telephoned and communicated to Investigator Raymond Rodriquez, Petitioner's counsel's investigator, that the records were available for inspection. A form was prepared to delineate which documents were to be excluded. Petitioner's counsel has not reviewed the files or the form to determine whether an in camera review is necessary. This motion is therefore premature in regards to an in camera inspection.

Wherefore, the deposition of the custodian is not necessary. The records have been provided to Petitioner's counsel in a reasonable manner. A form has been prepared that states the documents that should be excluded from the file before review. Petitioner's counsel has not yet reviewed the files or the form to determine if, in fact, there are documents that would be applicable for exclusion from exemption. The taped statement is not missing and is available to the Petitioner. The discovery sought should be denied until Petitioner's counsel reviews the taped statement and the files as provided and can state with specificity the need for further discovery.

Respectfully submitted,

ROBERT A. BUTTERWORTH
ATTORNEY GENERAL

_____
PATRICIA ANN ASH
ASSISTANT ATTORNEY GENERAL
Florida Bar # 0365629
1655 Palm Beach Lakes Blvd
Third Floor
West Palm Beach, FL 33401

COUNSEL FOR RESPONDENT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing response to petition for writ of habeas corpus has been furnished by U.S. mail Brenda G. Bryn, Assistant Federal Defender, 101 N.E. 3rd Ave.. Suite 202, Ft. Lauderdale, Florida 33301 on September 25, 1997.

F:\USERS\APPEALS\PATRICIA\BROWN.RES