IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

97 OCT -8 PM 4:02

CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

95-7207-CIV-GRAHAM
(Magistrate Judge Sorrentino)

TIMOTHY BROWN,

    Petitioner,

vs.

HARRY K. SINGLETARY,

    Respondent.

_____/

**REPLY TO ATTORNEY GENERAL'S RESPONSE TO MOTION FOR DISCOVERY**

The petitioner, Timothy Brown, through counsel, replies to the Attorney General's response to his motion for discovery, as follows:

1. Undersigned counsel will respond to Paragraphs 1 and 2 in the Attorney General's Response, when the supplemental memorandum is filed. It is improper to attempt to litigate the merits of this case, as the Attorney General does, in a discovery motion -- prior to full and complete discovery.

2. Before filing the motion for discovery, undersigned counsel's investigator, Ramon Rodriguez, checked the <u>Brown</u> and <u>King</u> files in the Clerk's Office. When the file did not disclose the taped confessions, Mr. Rodriguez asked a clerk where the exhibits might be. Mr. Rodriguez was told that the tapes could be no other place besides the file he had reviewed, or the trial judge's chambers (Mr. Rodriguez doubted the latter, given the age of the case).

After receiving the attorney general's response to the motion for discovery,

Investigator Marlon Johnson from this office telephoned clerk Becky Sakowski to inquire about the taped confessions. He was told that the Brown confession tape is located in a warehouse, but that the clerk would arrange for that tape to be brought to the clerk's office for inspection. Ms. Sakowski doubted whether the King confession tape would be in the warehouse, given that Mr. King pled guilty rather than going to trial. While undersigned counsel has now secured a copy of the <u>Brown</u> tape from the clerk's office, the <u>King</u> tape was not in the warehouse, and counsel will have to secure a copy of the King confession, from the state attorney's file.

3. Contrary to the Attorney General, it was <u>not</u> the absence of the tape from the clerk's office file which prompted a fear of removal of documents from the state attorney's file. Rather, what prompted this fear was Records Custodian Ms. Feest's own suggestion that documents would have to be removed prior to making the state attorney's file available.

4. Indeed, undersigned counsel has now received and reviewed the state attorney's "form prepared to delineate which documents were to be excluded." (Exhibit A hereto). That form indicates that ASA Jim McLane reviewed the <u>Brown</u> and <u>King</u> files, and took out of that file, the following: the defendants' criminal history data, the prosecutor's "personal, pre-trial in-preparation-of litigation, hand-written notes," and the defendants' juvenile records.

5. In a case with evidence as bare as this one, in which there is a substantial issue as to the sufficiency of the evidence, undersigned counsel needs to examine <u>any and all notes</u> (including handwritten ones) which may contain the state's assessment of its case. In addition, the state attorney's notes in the <u>King</u> case (where, right after the <u>Brown</u> trial, the state offered King a sweetheart plea) may well shed light on the sufficiency of the evidence in Brown's case. Accordingly, irrespective of whether the prosecutor's "hand-written preparation for litigation" notes are deemed

2

public records, the Court should issue a subpoena <u>duces</u> <u>tecum</u> for <u>all of the the prosecutors' handwritten notes</u> in the <u>Brown</u> and <u>King</u> cases.

      Alternatively, if the Court is unwilling to issue a subpoena for these records at this juncture, it should at least order the state to provide the Court with all documents claimed under this exception, so that the Court may conduct an <u>in</u> <u>camera</u> review as to the applicability of the exception. Indeed, the exception to disclosure provided for in <u>State v. Kokal</u>, 562 So.2d 324 (Fla. 1990) -- is a very limited exception precluding from public records disclosure **only** rough non-final notes (precursors of final documents, such as rough drafts, trial and/or deposition outlines), that are later memorialized in some final form. In <u>Kokal</u>, the Florida Supreme Court expressly recognized that this narrow exemption does <u>not</u> pertain to: criminal investigative information, or "any record prepared by a state attorney which reflects a mental impression, conclusion, litigation strategy or legal theory of the attorney or the agency, and which was prepared exclusively for . . .criminal litigation, . . .or which was prepared in anticipation of imminent . . . criminal litigation" (including inter-office or intra-office memoranda, which are most definitely final documents, and public records). <u>Id</u>. at 326-327. Mr. Brown asks the Court to review the removed documents, to assure that the state has not overstepped the boundaries drawn in the <u>Kokal</u> case.

      6. In addition, undersigned counsel has a compelling need to review Mr. Brown's juvenile records. Mr. Brown's prior experience with the law in 1991, has bearing upon his ability to understand and intelligently waive his <u>Miranda</u> rights when he made his July 16 "confession."

      The exemption noted in Florida Statutes § 39.045(8), is intended to protect <u>the juvenile</u> from public disclosure of his juvenile records; it is <u>not</u> intended to preclude a defendant's legal counsel from viewing such records -- particularly, where as here, those records may provide a

3

defendant with grounds for habeas corpus relief. Accordingly, the Court should issue a subpoena duces tecum to the state attorney's office, for Mr. Brown's juvenile records. (If the Court wishes, undersigned counsel will be happy to provide the Court with a written waiver by Mr. Brown, authorizing the release of his juvenile records to undersigned counsel.)

7. Undersigned counsel has made an appointment with the state attorney's office to review the Brown and King files (absent the designated documents), on October 22, 1997. Assuming that the Court will either issue the requested subpoena for the removed documents, or review the removed documents in camera, a deposition of the records custodian at this juncture is not necessary.

WHEREFORE, the petitioner, TIMOTHY BROWN, respectfully requests that the Court issue a subpoena duces tecum to the state attorney's office, for Mr. Brown's juvenile records, and for all "prosecutor's personal, pre-trial, in preparation of litigation, handwritten notes" in both Mr. Brown's and Mr. King's case. Alternatively, Mr. Brown requests that the Court order that any documents removed from these two files under the guise of "prosecutor's personal, pre-trial, in preparation of litigation, handwritten notes" be sealed and submitted to the Court for an in camera review.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *Jacqueline E Shapiro*
for: Brenda G. Bryn
Assistant Federal Public Defender
Florida Bar No. 0708224
101 N.E. 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
Tel./FAX: (954) 356-7436/7556

4

MICHAEL J. SATZ
STATE ATTORNEY
SEVENTEENTH JUDICIAL CIRCUIT OF FLORIDA



BROWARD COUNTY COURTHOUSE
FORT LAUDERDALE, FLORIDA 33301

# PUBLIC RECORDS REQUEST

REQUESTOR: _Investigator Ramon Roncone_   DATE _8-28-97_
_356-7436 x102_   _356-7536_

Pursuant to Chapter 119 Florida Statutes request is made for:

Request type (check one): ☐ Review only ☒ Review and copies ☒ Copies only

Records type (check as apply): ☒ Criminal case ☐ SAO Investigation ☐ Personnel/Admin. Records

Describe records: 1) Timothy Brown 91-10793 2) Keith Maia 91-10793 HUD 17A-F HIV/CM

*Notice: There is a per-page charge for all copies. Enter billing address here or affix a business card.*

---

(For SAO use only)

☑ Approved    ☐ Disapproved

Reviewed by ASA _Jim McLane_
Date _9/15/97_

☐ Copies made by SAO staff.   ☐ Copies made by vendor.   ☐ Documents FAX'd to requestor.

See Notes/Exemptions/Redactions indicated below (✓).

☐ Request Withdrawn -- Date _____
☐ SAO has no record as requested.
☐ SAO record was destroyed per §119.041, F.S.
• ☐ Review completed _____

### Notes/Exemptions from Public Records Disclosure
(For Reviewing ASA use only)

☑ Criminal History data exempt, per §119.072, F.S. (N.C.I.C.(s)) IMS, per §119.07(3)(f), F.S.

☑ Prosecutor's personal, pretrial trial preparation of litigation, handwritten notes exempt. State v. Kokal, 562 So2d 324 (Fla. 1990)

☐ Defendant's medical records exempt. State v. Wenger, 560 So2d 347 (Fla. 5DCA 1990); §395.3025(8), F.S.

☑ Defendant's juvenile record, if any, exempt, per §39.045(8), F.S.

☐ On active, pending cases, information not disclosed to defense in discovery exempt, State v. Blankenship, 407 So2d 395 (Fla. 4DCA 1981), subject to redaction of all victim information, per §119.07(3)(f), F.S.

☐ Home addresses, etc., of current or former prosecutors, law enforcement personnel, firefighters, judges, and code inspectors exempt, per §119.07(3)(i), F.S.

☐ Personal assets of the victim of a crime exempt, per §119.07(3)(g), (s), F.S.

☐ Criminal intelligence or investigative information obtained prior to 1/25/79 exempt, per §119.07(3)(h), F.S.

☐ Confession, if any, by Defendant exempt, per §119.07(3)(k), P.S.

☐ Defendant not entitled to free copy of file. Roesch v. State, 633 So2d 1 (Fla. 1993)

☐ P.S.I. exempt, per Fla.R.Crim.P. 3.712, §945.10, F.S.

☐ Victim's medical records, exempt, per §395.3025(8), F.S.

☐ Identity of confidential informant exempt, per §119.07(3)(c), F.S.

☐ Identity of undercover personnel exempt, per §119.07(3)(e), F.S.

☐ Surveillance techniques, procedures, or personnel exempt, per §119.07(3)(d), F.S.

☐ Social security numbers of state employees exempt, per §119.07(3)(t), (x), F.S.

☐ Personal victim information exempt, per §119.07(3)(s), F.S.

☐ Reports of child abuse exempt, per §415.51, F.S.

ORIGINAL - ADM/2       COPY - Requesting Party

"Exhibit A"

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 8th day of October, 1997, to Assistant Attorney General Patricia Ash, 1655 Palm Beach Lakes Boulevard, Suite 300, West Pam Beach, Florida 33401-2299.

_Jacqueline E Shapiro_
for: Brenda G. Bryn