IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

95-7207-CIV-GRAHAM

(Magistrate Judge Sorrentino)

TIMOTHY BROWN,

        Petitioner,

vs.

HARRY K. SINGLETARY,

        Respondent.
_____/

## PETITIONER'S SECOND MOTION FOR DISCOVERY

The petitioner, Timothy Brown, through counsel and pursuant to Rule 6 of the Rules Governing § 2254 proceedings, and Rules 30 and 45 of the Federal Rules of Civil Procedure, respectfully requests that the Court issue a subpoena <u>duces tecum</u> directing the records custodian of the Broward County Sheriff's Office, to produce the three boxes of files to which it has refused undersigned counsel access under the Public Records Act, and in support thereof, states:

    1. On August 29, 1997, Investigator Ramon Rodriguez, from the Federal Public Defender's Office, served a request pursuant to the Public Records Act, upon the Broward County Sheriff's Office, for the inspection of all documents in their possession relating to the investigation of the murder of Patrick Behan. (Exhibit A, hereto). The letter was received and accepted by a female clerk named Julie, who was assigned to the records unit.

    2. On September 23, 1997, Mr. Rodriguez spoke with another clerk, Denise, also

with the Records Unit. Denise informed Mr. Rodriguez that the files were ready for review, but that she needed to contact one of the detectives previously-assigned to the case, to be present during the review.

3. On September 20, 1997, an appointment was set for October 15, 1997.

4. Prior to that date, Detective James Carr, one of the original detectives on the case, called Mr. Rodriguez. Detective Carr explained that Assistant State Attorney Chuck Morton had asked him to inquire why the Federal Defender's Office wanted to view the Behan file. Mr. Rodriguez explained that Mr. Brown had filed a § 2254 petition, and that the Court had appointed the Federal Defender to represent him. Mr. Carr understood, and told Mr. Rodriguez that he did not know if it was necessary for him to be there during the review of the file.

5. On October 14, 1997, Chief Investigator Dennis Stinson called the Broward County Sheriff's Office to confirm the appointment, and was told by a Sergeant O'Neill from Homicide, that BSO was refusing the review until it got clearance from State Attorney Chuck Morton. Ultimately, the conversation with Detective Carr was relayed to O'Neill, and undersigned counsel was told that the review would be permitted at 9:30 a.m. the next day.

6. On Wednesday October 15, undersigned counsel, AFPD Timothy Day, and Investigator Ramon Rodriguez went to the Broward County Sheriff's Office to review the file. Detective Carr took counsel and Mr. Rodriguez to an office, where the seven (7) files making up the Behan investigative file, were stored. Under Detective Carr's supervision, undersigned counsel began to review box 1, Mr. Day began to review box 2, and Mr. Rodriguez began to review box 3. At approximately 11:00, Detective Carr left the room briefly and returned with Lieutenant Tony Fantigrassi, who indicated that he had just learned that the files contained the identities of confidential

informants -- information not subject to disclosure under the Public Records Law. Lt. Fantigrassi had asked that counsel and Mr. Rodriguez leave the office and return at 1:00 -- which would give Detective Carr sufficient time to go through the files and remove the names of confidential informants. Lt. Fantigrassi stated, however, that all that would be removed would be the <u>identity</u> of confidential informants. He specifically acknowledged that the <u>information</u> such informants provided, was subject to disclosure under the Public Records Law.

7. At 1:30 p.m., undersigned counsel, Mr. Day, and Mr. Rodriguez returned to BSO. Shockingly, three (3) of the four remaining boxes to be reviewed, had been removed from the office. According to Detective James Carr, these boxes contained information that had been determined to be "of no evidentiary value" prior to trial, and according to ASA Chuck Morton and BSO legal counsel Patricia Windowmaker, the contents of these three boxes were <u>no longer</u> available for review. Counsel explained to Det. Carr that whether something was of "evidentiary value" at trial had nothing to do with whether it was a "public record" within the purview of the Public Records Law. With the exception of information relating to the identity of confidential informants, counsel explained, all information in this <u>closed</u> investigative file, was subject to disclosure. Pursuant to § 119.07(2)(a), counsel asked for a written statement of the particular exception to the Public Records Law, that was claimed. Det. Carr specifically refused to put anything in writing.

8. The next day, Mr. Day spoke with ASA Chuck Morton, who stated that **pre-trial**, when the case was still pending and the investigation was still open, the trial judge had determined that the contents of the the three (3) boxes were not subject to public records review.[1] Mr. Day

---

[1] According to ASA Morton, Larry Davis -- Mr. Brown's trial attorney -- had made a public records request prior to trial. Mr. Davis, however, does not recall making such a request, and there is no evidence of such a request being made, in the record currently before this Court.

3

explained that the exceptions for pending cases and open investigations, would obviously no longer apply. ASA Morton suggested that Mr. Day speak to Patricia Windowmaker, at the Broward County Sheriff's Office.

9. Mr. Day then spoke with Ms. Windowmaker, who stated that the three (3) removed boxes contained information that would reveal the identity of confidential sources. Mr. Day explained to Ms. Windowmaker that counsel was not interested in any information revealing confidential identities, and would agree to have the names and addresses of confidential informants whited out to protect their confidentiality. In fact, this suggestion had been made to Lt. Fantigrassi when counsel was at BSO the previous day, and Lt. Fantigrassi had agreed to such a procedure.

Ms. Windowmaker then responded that the three boxes still would not be made available to counsel as they contained information that would "reveal investigative techniques used in the Behan case -- techniques that were still being employed." When Mr. Day queried as to where an exception as to "investigative techniques" could be found in Chapter 119, Ms. Windowmaker responded that she did not know. Mr. Day thereupon specifically requested that Ms. Windowmaker place in writing BSO's legal objection to allowing a public records review of the remaining three (3) boxes. Ms. Windowmaker agreed.

10. As of this writing, no statement pursuant to § 119.07(2)(a), has been received.

11. Pursuant to the Public Records Law, public records to which an exemption is claimed, may not be destroyed, but rather, must be submitted to the court for an in camera review. See § 119.07(2)(b)-(d)).

12. The rules governing § 2254 cases authorize the Court to grant a request for discovery upon "good cause shown." See Rule 6, Rules Governing Section 2255 Proceedings. Upon

4

a showing of "good cause," rule 6(a) authorizes any party to "invoke the processes of discovery available under the Federal Rules of Civil Procedure." Fed. R. Civ. P. 30 authorizes a party to take a deposition of any person upon oral examination. Rule 30(b)(1) provides, "If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice." Rule 45 governs the issuance of subpoenas, and states "A command to produce evidence or to permit inspection may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately."

13. Due to the Broward Sheriff's Office's efforts to obstruct a full and complete public records review of the Behan investigative file, and indeed, the blatant inconsistencies between the reasons given alternatively by Lt. Fantigrassi, Det. Carr, ASA. Morton, and Ms. Windowmaker for the withholding of 3 of the 7 file boxes (which inconsistencies strongly suggest bad faith), Mr. Brown asks the Court, pursuant to the above-quoted rules, to issue a subpoena duces tecum for the three remaining boxes of the Behan investigative file

14. Alternatively, pursuant to Fed. R. Civ. P. 30, Mr. Brown seeks to depose the records custodian to ascertain precisely what files have been removed by whom, and on what grounds. Mr. Brown also asks that the Court order that the Broward Sheriff's Office seal and file those documents with the court for an in camera review as to whether there is indeed, any applicable exemption from disclosure.

15. This motion is not made for the purpose of delay, but rather, for the purpose of rendering effective assistance to Mr. Brown, in what will be his one and only chance at federal habeas corpus relief from his conviction and life sentence.

WHEREFORE, the petitioner, TIMOTHY BROWN, respectfully requests that the

Court issue a subpoena <u>duces</u> <u>tecum</u> to the Broward County Sheriff's Office, for the three removed boxes from the <u>Behan</u> investigative file. Alternatively, Mr. Brown requests permission to take a deposition <u>duces</u> <u>tecum</u> of the Records Custodian, and that the Court order that all documents removed from the file, to be sealed and submitted to the Court for an <u>in</u> <u>camera</u> review.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: /s/ Brenda G. Bryn
Brenda G. Bryn
Timothy Day
Assistant Federal Public Defenders
Florida Bar No. 0708224
101 N.E. 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
Tel./FAX: (954) 356-7436/7556

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 28th day of October, 1997, to Assistant Attorney General Patricia Ash, 1655 Palm Beach Lakes Boulevard, Suite 300, West Pam Beach, Florida 33401-2299.

_____
Brenda G. Bryn

# FEDERAL PUBLIC DEFENDER
Southern District of Florida

KATHLEEN M. WILLIAMS  
Federal Public Defender

Office: __Ft. Lauderdale__

August 28, 1997

Custodian of Records  
Broward Sheriff's Office  
Ft. Lauderdale, FL

    Re: **State of Florida v. Timothy Brown**  
    Case No. **PK90-11-314** (Homicide Investigation of Officer, Patrick Behan)

Dear Custodian:

Request is hereby made pursuant to Florida Statute 119, The Public Records Act, for the inspection of any and all documents in the possession of your agency related to the above styled case including but not limited to the following:

**The entire case file.**

Pursuant to Florida Statute 119.01 and 119.07 please provide copies of all records to my investigator Ray Rodriguez. If there are any problems with this request please call me at 954/356-7436 ext. 108.

                                          Very truly yours,  
                                          Brenda G. Bryn  
                                          Assistant  
                                          Federal Public Defender

BGB/de

*Julie - Records BSO*  
*10:45 AM - 8/29/97*

---

| Miami | Ft. Lauderdale | West Palm Beach |
|---|---|---|
| 150 West Flagler Street | 101 Northeast Third Avenue | 400 Australian Avenue North |
| Suite 1700 | Suite 202 | Suite 300 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1100 | West Palm Beach, FL 33401-5040 |
| Tel: (305) 530-7000 | Tel: (954) 356-7436 | |
| Fax: (305) 536-4559 | Fax: (954) 356-7556 | |

Exhibit A