IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

95-7207-CIV-GRAHAM
(Magistrate Judge Sorrentino)

TIMOTHY BROWN,

        Petitioner,

vs.

HARRY K. SINGLETARY,

        Respondent.

_____/

## ADDENDUM TO REPLY TO ATTORNEY GENERAL'S RESPONSE TO FIRST MOTION FOR DISCOVERY

The petitioner, Timothy Brown, through counsel, hereby files this addendum to his reply to the Attorney General's response to his first motion for discovery, as follows:

1. On October 22, 1997, undersigned counsel, AFPD Timothy Day, and Investigator Raymond Rodriguez reviewed what was represented to be the entire state attorney's file in the Brown/King cases. It was counsel's understanding, before reviewing the file, that the only documents removed from the file were those documents designated on the Form attached as Exhibit A hereto.

2. The 9 boxes of records disclosed contained only sporadic pleadings -- a fact in and of itself suggestive of an incomplete file. More significantly, however, the disclosed files contained no trial preparation notes by the prosecutor Chuck Morton, no intra-office memoranda (for example between Chuck Morton and State Attorney Michael Satz), and (with the exception of several investigators' memos with regard to the serving of subpoenas), no inter-officer or inter-agency memoranda (for example, from ASA Morton to the homicide detectives). It is impossible to believe

that in a high-profile police officer homicide, the prosecutor in charge of the case would not make a single note concerning his "mental impressions, conclusions, litigation strategy or legal theory" and that there would be no inter-office or intra-office memoranda reflecting the same -- documents which the Florida Supreme Court in State v. Kokal, 562 So.2d 324 (Fla. 1990) specifically recognized to be public records subject to disclosure. It is clear to the undersigned, that what the State Attorney's Office has done in claiming the Kokal exception for "rough non-final notes," is to have removed **all** attorney notes -- in clear violation of Kokal.

3. Additionally, the file disclosed to undersigned counsel did not contain any documents relating to the massive internal affairs investigation undertaken at the Broward County Sheriff's Office after the discovery of the sex-for-protection scam at the Circle K where Officer Behan was killed. The police misconduct at the Circle K formed a central part of defense attorney Larry Davis' defense at trial, it was exhaustively covered in pre-trial depositions, and it is impossible that there are no documents relating to such an investigation in the state attorney's file (or in the Broward County Sheriff's Office file for that matter).[1] Criminal investigative information in connection with a closed criminal case is most definitely subject to disclosure under the Public Records Law, and there is no basis for the state attorney's office (or for the BSO) to withhold documents relating to the internal affairs portion of the criminal investigation.

5. These glaring omissions in the state attorney's file, in contravention of Florida law, necessitate a subpoena for the <u>entire</u> state attorney's file, or at the very least, that the Court review

---

[1]Undersigned counsel suspects that the internal affairs investigation may be contained in the 3 boxes removed from the Broward County Sheriff's Office file, **during** undersigned counsel's review of that file earlier this month. See Second Motion for Discovery, filed contemporaneously herewith.

all removed documents, to assure that the state has not overstepped the boundaries drawn in the Kokal case.

WHEREFORE, the petitioner, TIMOTHY BROWN, respectfully requests that the Court issue a subpoena <u>duces</u> <u>tecum</u> to the state attorney's office, for the entire state attorney's file, including but not limited to all "prosecutor's personal, pre-trial, in preparation of litigation, handwritten notes" in both Mr. Brown's and Mr. King's case, all of Mr. Brown's juvenile records, as well as all files relating to the internal affairs investigation undertaken in connection with this case. Alternatively, Mr. Brown requests that the Court order that any documents removed from these two files under the guise of "prosecutor's personal, pre-trial, in preparation of litigation, handwritten notes" be sealed and submitted to the Court for an <u>in</u> <u>camera</u> review.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature: Brenda G. Bryn]*
Brenda G. Bryn
Assistant Federal Public Defender
Florida Bar No. 0708224
101 N.E. 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
Tel./FAX: (954) 356-7436/7556

3

MICHAEL J. SATZ
STATE ATTORNEY
SEVENTEENTH JUDICIAL CIRCUIT OF FLORIDA

BROWARD COUNTY COURTHOUSE
FORT LAUDERDALE, FLORIDA 33301

## PUBLIC RECORDS REQUEST

REQUESTOR: Investigator Ramon Rionie  DATE 8-28-97
356-7436 x102    356-7536

[Pursuant to Ch.119 F.S. the following request is made for:]

① Timothy Brown 91-10736
② Keith King 91-10737
#004 7A-F        HIU/CM

Notice: There is a per-page charge for all copies. Enter billing address here or affix a business card.

---

(For SAO use only)

☑ Approved    ☐ Disapproved

Reviewed by ASA  Jim McLane
Date  9/15/97

See Notes/Exemptions/Redactions indicated below (✓).

☐ Request Withdrawn -- Date _____
☐ SAO has no record as requested.
☐ SAO record was destroyed per §119.041, F.S.

☐ Copies made by SAO staff.   ☐ Copies made by vendor.   ☐ Documents FAX'd to requestor.   • ☐ Review completed _____

Notes/Exemptions from Public Records Disclosure
(For Reviewing ASA use only)

☑ Criminal History data exempt, per §119.072, F.S. (N.C.I.C.(s)) J.M. per §119.07(3)(x), F.S.

☑ [Defendant's personal, prosecution preparation of litigation, hand-written notes exempt. State v. Kokal, 562 So.2d 324 (Fla. 1990)]

☐ [Defendant's medical records exempt. Doe v. Wagner, 560 So.2d 347 Fla. 5DCA 1990; §395.3025(4), F.S.]

☑ [Defendant's juvenile records, if any, exempt, per §39.045(8), F.S.]

☐ [On active pending cases, information not disclosed to defense in discovery...]

☐ [Home address, etc., of current or former prosecutors, law enforcement personnel, firefighters, judges, and code inspectors exempt, per §119.07(3)(i), F.S.]

☐ [Personal assets of the victim of a crime exempt, per §119.07(3)(s),(t), F.S.]

☐ [Criminal intelligence or investigative information obtained prior to 1/25/79 exempt, per §119.07(3)(b), F.S.]

☐ Victim identifying information is redacted.

☐ Defendant not entitled to free copy of file. Roesch v. State, 633 So.2d 1 (Fla. 1993)

☐ P.S.I. exempt, per Fla.R.Crim.P. 3.712, §945.10, F.S.

☐ Victim's medical records, exempt, per §395.3025(4), F.S.

☐ Identity of confidential informant exempt, per §119.07(3)(c), F.S.

☐ Identity of undercover personnel exempt, per §119.07(3)(d), F.S.

☐ Surveillance techniques, procedures, or personnel exempt, per §119.07(3)(d), F.S.

☐ Social security numbers of state employees exempt, per §119.07(3)(t), (u), F.S.

☐ Personal victim information exempt, per §119.07(3)(s), F.S.

☐ Reports of child abuse exempt, per §415.51, F.S.

☐ Confusion, if any, by Defendant exempt, per §119.07(3)(x), F.S.

---

ORIGINAL - ADM/2        COPY - Requesting Party

"Exhibit A"

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 29th day of October, 1997, to Assistant Attorney General Patricia Ash, 1655 Palm Beach Lakes Boulevard, Suite 300, West Pam Beach, Florida 33401-2299.

*Brenda G. Bryn*
Brenda G. Bryn

4