IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

95-7207-CIV-GRAHAM

(Magistrate Judge Sorrentino)

TIMOTHY BROWN,

   Petitioner,

vs.

HARRY K. SINGLETARY,

   Respondent.

_____/

**PETITIONER'S MOTION FOR SUBPOENAS TO STATE ATTORNEY'S OFFICE,
AND TO BROWARD SHERIFF'S OFFICE**

  The petitioner, Timothy Brown, through counsel and pursuant to Rule 6 of the Rules Governing § 2254 proceedings, and Rule 45 of the Federal Rules of Civil Procedure, respectfully requests that the Court issue subpoenas <u>duces tecum</u> directing (1) the records custodian of the State Attorney's Office, to produce the attorney notes and memoranda withheld from the <u>Brown/King</u> file under the purported exception to the Public Records Law, and (2) the records custodian of the Broward County Sheriff's Office, to produce the three boxes of files to which the Sheriff's Office has refused undersigned counsel access under the Public Records Law, and in support thereof, states:

  1. In an effort to investigate this case without the necessity of court intervention, undersigned counsel attempted to gain access to the State Attorney's file in the <u>Brown/King</u> cases and the Broward Sheriff's Office <u>Behan</u> investigative file, by making Public Records Law requests. Both the State Attorney's Office and the Sheriff's Office, however, have thwarted counsel's full and

complete investigation, by precluding counsel from access to crucial aspects of their files.

2. On Wednesday October 15, undersigned counsel, AFPD Timothy Day, and Investigator Ramon Rodriguez attempted to review the Behan investigative file at the Broward County Sheriff's Office. As the Court is aware, an hour or two into that review, counsel and Mr. Rodriguez were "asked to leave" the office -- ostensibly, so that Detective James Carr could remove information relating to the identities of confidential informants from the file. Counsel were promised by Lt. Fantigrassi that all that would be removed from the file would be the identity of confidential informants. He specifically acknowledged that the information such informants provided, was subject to disclosure under the Public Records Law. When counsel and Mr. Rodriguez returned to the Sheriff's Office at 1:30, three (3) of the seven (7) boxes had been removed. According to Detective James Carr, these boxes contained information that had been determined to be "of no evidentiary value" prior to trial. Det. Carr refused to put his position in writing. Mr. Day thereafter spoke with ASA Chuck Morton, who stated that **pre-trial**, when the case was still pending and the investigation was still open, the trial judge had determined that the contents of the the three (3) boxes were not discoverable. Mr. Day then spoke with legal counsel to the Sheriff's Office, Patricia Windowmaker, who responded first that the boxes contained the identity of confidential sources, and then (after Mr. Day explained that such identities could be whited out), took the position that the three boxes would "reveal investigative techniques used in the Behan case -- techniques that were still being employed."[1]

---

[1] Ironically, after the alleged review for the identity of confidential sources, such information was not deleted from file, but remained on a number of documents counsel was thereafter permitted to review. By contrast, it would appear that in direct violation of §§ 119.011(3)(a), (b), (d); and 119.011 119.07(3)(b) of the Public Records Law, the Sheriff's Office actually removed non-informant-related "criminal intelligence information" and "criminal investigative information" (most definitely subject to disclosure after the case is closed, as here). For instance, nowhere in the four boxes which undersigned counsel and their investigator

2

Mr. Day asked that Ms. Windowmaker put her position in writing pursuant to § 199.07(2)(a) of the Public Records Law. As of this writing, no such statement has been received.

  3. As the Court is also aware, prior to undersigned counsel's review of the State Attorney's file, the State Attorney's Office faxed undersigned counsel a form noting that the "prosecutor's personal, pre-trial in-preparation-for-litigation, handwritten notes" were exempt from disclosure pursuant to the decision in State v. Kokal, 562 So.2d 324 (Fla. 1990). When counsel went to review the State Attorney's file on October 22, 1997, however, it appeared that the State Attorney had removed not only the limited category of documents (rough, non-final precursors of final documents) exempt under Kokal, but in fact, **all** attorney notes. Indeed, there was not a single attorney note, inter-office, or inter-agency memo available for counsel to review -- despite Kokal's specific recognition that neither a state attorney's "mental impressions, conclusions, litigation strategy or legal theory" nor inter-office or intra-office memoranda reflecting the same, are exempt from disclosure under the Public Records Law. Clearly, the state attorney could not have prosecuted a case of this magnitude, of this importance, and with this much publicity, for two full years, without ever putting pen to paper. Moreover, it is well-known that State Attorney Michael Satz demanded memo writing by assistants on important issues, such as plea recommendations. It is impossible that ASA Chuck Morton made the decision to allow Keith King to plead guilty, and receive a 15 year

---

reviewed, did they see: (1) any information relating to the internal affairs investigation conducted of certain BSO officers after the allegations concerning the sex-for-protection scam at the Circle K; (2) any information indicating the "tracking" of Timothy Brown from his first statement, until the time of his arrest (as testified to by various BSO officers in deposition); (3) any information relating to the discussions between BSO and the juvenile division of the state attorney's office, as to the impact of the decision in Minnick v. Mississippi, 498 U.S. 146 (1990) upon the questioning of Timothy Brown (as testified to by various BSO officers during deposition); and or (4) the photo lineup shown to Timothy Brown during the interview which preceded his taped statement (as noted during that statement).

concurrent sentence for this homicide as well as his pending capital sexual battery charges, without a justifying memorandum to State Attorney Michael Satz. (This is just one example of documents improperly withheld from public records review, in direct contravention of the very limited <u>Kokal</u> rule).

4. Based upon both the State Attorney's and Broward Sheriff's Office's obvious efforts to obstruct a full and complete public records review and investigation of this case by undersigned counsel, undersigned counsel requested a subpoena <u>duces tecum</u> for all of the documents removed from the State Attorney's file under the purported <u>Kokal</u> exception, as well as for the three (3) boxes of the Broward Sheriff's Office file removed from that file during counsel's review. Before issuing a subpoena, however, the Court sought to resolve these matters amicably and through voluntary disclosure.

5. At the December 16, 1997 status conference, the Court instructed Assistant Attorney Generals Celia Terenzio and Joe Tringali, to contact both the State Attorney's Office and the Broward Sheriff's Office, to advise them that there would be full and complete discovery in this case, and that if they would not comply willingly with undersigned counsel's public records request, that the Court would issue a subpoena for their entire files. That day, the Court issued an order granting Mr. Brown's second motion for discovery "to the extent that the Attorney General shall have a reasonable period of time to consult further with state authorities and the Federal Public Defender to attempt to work out the discovery matters at issue." The Court authorized Mr. Brown to move for the issuance of subpoenas to the appropriate state authorities, "if no satisfactory arrangements have been arrived at by December 31, 1997."

6. Mr. Day spoke with Mr. Tringali on Friday December 19, at which time Mr.

Tringali advised Mr. Day that the State Attorney's Office would <u>not</u> provide any further information from the file without a subpoena. At that point, Mr. Tringali had not contacted the Sheriff's Office. Undersigned counsel spoke with Mr. Tringali on January 5, 1998, at which time, Mr. Tringali advised that his office had had no success with either agency, and that Mr. Brown would have to seek subpoenas.

      7. Undersigned counsel's investigation of this case is therefore at a complete roadblock. It is clear that there will be no voluntary disclosure either by the State Attorney's Office or the Broward Sheriff's Office, pursuant to their obligations under the Public Records Law.

      8. The rules governing § 2254 cases authorize the Court to grant a request for discovery upon "good cause shown." <u>See</u> Rule 6, Rules Governing Section 2255 Proceedings. Upon a showing of "good cause," rule 6(a) authorizes any party to "invoke the processes of discovery available under the Federal Rules of Civil Procedure." Rule 45 governs the issuance of subpoenas, and states "A command to produce evidence or to permit inspection may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately." Given the importance of discovering any and all information which may demonstrate the innocence of Timothy Brown and the involuntariness of his alleged confession, the State Attorney's and Sheriff's Office's flagrant disregard of the requirements of the Public Records Law, as indicated both by the glaring omissions in their file and their legally untenable positions, clearly constitutes "good cause" for issuing subpoenas to both agencies, to force disclosure of the withheld portions of their files.

      WHEREFORE, the petitioner, TIMOTHY BROWN, respectfully requests that the Court issue a subpoena <u>duces tecum</u> to the State Attorney's Office for <u>all</u> documents removed from the <u>Brown/King</u> file prior to the public records review pursuant to the alleged <u>Kokal</u> exception

5

(including but not limited to any and all inter-office and inter-agency memoranda and any and all documents reflecting the state attorney's "mental impressions, conclusions, litigation strategy or legal theory," which must be disclosed pursuant to the Public Records Law). Mr. Brown requests an additional subpoena duces tecum to the Broward Sheriff's Office, for the three boxes removed from the Behan investigative file, during the Federal Public Defender's review of that file on October 15.

                                                    Respectfully submitted,

                                                    KATHLEEN M. WILLIAMS
                                                  FEDERAL PUBLIC DEFENDER

By: _____
Brenda G. Bryn
Timothy Day
Assistant Federal Public Defenders
Florida Bar No. 0708224
101 N.E. 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
Tel./FAX: (954) 356-7436/7556

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 5th day of January, 1998, to Assistant Attorney General Joseph Tringali, 1655 Palm Beach Lakes Boulevard, Suite 300, West Pam Beach, Florida 33401-2299.

_____
Brenda G. Bryn