**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

TIMOTHY BROWN,         :

    Petitioner,        :

vs.            :

HARRY K. SINGLETARY,    :

    Respondent.        :

**CASE NO. 95-7207-CIV-GRAHAM**
**Magistrate Judge Sorrentino**



**MICHAEL J. SATZ'S MOTION TO QUASH SUBPOENA,**
**OR IN THE ALTERNATIVE, OBJECTIONS TO SUBPOENA**

MICHAEL J. SATZ, as State Attorney for the Seventeenth Judicial Circuit of Florida (hereinafter "State Attorney"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 34(c), 45(c)(2)(B), (3)(A)(iii), and S.D. Fla. L.R. 7.1C and 26.1G6, serves this motion to quash the subpoena directed to the Records Custodian of the Broward County State Attorney's Office and issued by the Federal Public Defender's Office on April 21, 1998, or in the alternative, objects to the documents requested by the subpoena. In support of this motion the State Attorney states the following grounds:

1. Petitioner did not demonstrate good cause sufficient for the Court to permit discovery in this action for a writ of habeas corpus under 28 U.S.C. § 2254. This action is not ripe for discovery, as there has been no amended petition submitted to indicate what, if any, grounds the petitioner has for seeking discovery;

2. The materials requested by the petitioner in the subpoena are not discoverable in the petitioner's instant action as they could deal only with issues that petitioner had the right to raise in state court proceedings where discovery should have been obtained therein;

3.  Petitioner has not exhausted his state judicial and statutory remedies regarding the information sought through his subpoena. Any materials sought from the State Attorney's files must first be sought through mechanisms available under Florida law;

5.  The materials and information the petitioner now seeks in his subpoena have been in existence at all times prior to his serving a subpoena on the State Attorney and subsequent to petitioner's conviction in the Florida Circuit Court;

6.  Any material that the Petitioner did not seek under Florida law will raise issues that the petitioner did not raise in his state court proceedings; and

7.  The materials sought by the Petitioner are protected from discovery because they fall within the attorney work product doctrine, the deliberative-process privilege, and are exempt from public disclosure pursuant to Fla. Stat. ch. 119.072, and thus, privileged under applicable Florida law.

## I. BACKGROUND

Petitioner has commenced this action pursuant to 28 U.S.C. § 2254, making an application to this Court for a writ of habeas corpus on the ground that he is in custody pursuant to the judgment of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, and his custody is in violation of the Constitution or laws or treaties of the United States. Petitioner was tried and convicted of first degree murder of Broward Sheriff's Office Deputy Patrick Behan in State v. Timothy Brown, Case No. 91-14793CF10B.

On January 2, 1996, this Court issued its Order to Show Cause to respondent. [DE 6] On February 2, 1996, respondent served its response to the Court's Order to Show Cause. [DE 7] On June 27, 1996, respondent filed its response to this Court's supplemental order to show cause by

2

filing trial transcripts. [DE 9 - 16] On March 14, 1997, this Court issued an order granting

petitioner's motion for appointment of counsel. [DE 17] On September 9, 1997, petitioner filed its

motion for discovery, and for stay of the briefing schedule pending discovery [DE 23], which was

granted by this Court. [DE 24] On January 8, 1998, petitioner moved for subpoenas to State

Attorney's Office & Broward Sheriff's Office which was granted by this Court. [DE 34]

## II. MEMORANDUM OF LAW

As stated above, on April 17, 1998, this Court, after finding petitioner had shown good cause

as required by Rule 6 of the Rules Governing Section 2254 Proceedings, issued its order [DE 34]

granting petitioner's motion for issuance of subpoena's. The State Attorney respectfully submits that

petitioner has not demonstrated good cause sufficient for the Court to permit the desired discovery

in this action for a writ of habeas corpus and thus, the subject subpoena should be quashed.

### A. Rule 6 Of Rules Governing Section
### 2254 Cases In The United States District Courts

The Advisory Committee Notes to Rule 6[1] of the Rules Governing Section 2254 Cases In

The United States District Courts indicates the adoption of the rule and its provisions came about

following the Supreme Court's decision in Harris v. Nelson, 394 U.S. 286 (1969).  In Harris, the

District Court issued an order to show cause following the filing of a petition for habeas corpus.  Id.

at 289 The respondent made return and thereafter, the District Court granted a motion for evidentiary

hearing.  Id.  Two months later, interrogatories were served upon the respondent warden who filed

---

[1] Rule 6(a) provides in relevant part:

(a) **Leave of court required.** A party shall be entitled to invoke the process of
discovery available under the Federal Rules of Civil Procedure if, and to the
extent that, the judge in the exercise of his discretion and for good cause shown
grants leave to do so, but not otherwise.

3

objections alleging absence of authority for their issuance. Id. The District Court disallowed the objections and respondent applied to the Court of Appeals for the Ninth Circuit for a writ of mandamus or prohibition. Id. The Ninth Circuit vacated the order of the District Court holding that the discovery provisions of the Federal Rules of Civil Procedure were not applicable to habeas corpus proceedings. Id. The Supreme Court agreed with the Ninth Circuit that Rule 33 of the Federal Rules of Civil Procedure was not applicable to habeas corpus proceedings, "but [ ] concluded that, in *appropriate circumstances*, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.' 28 U.S.C. s 2243." Id. at 290 (emphasis supplied) Attempting to define the parameters of discovery procedures to be used in habeas corpus proceedings, the Supreme Court determined that the "broad-ranging preliminary inquiry [of Fed.R.Civ.P. 26(b)] is neither necessary nor appropriate in the context of a habeas corpus proceeding." Id. at 297 Additionally, with regard to the interrogatories propounded in Harris, the Supreme Court stated:

> [W]e conclude that the literal application of Rule 33 to habeas corpus proceedings would do violence to the efficient and effective administration to the Great Writ. The burden upon courts, prison officials, *prosecutors*, and police, which is necessarily and properly incident to the processing and adjudication of habeas corpus proceedings, would be vastly increased; and the benefit to prisoners would be counterbalanced by the delay which the elaborate discovery procedures would necessarily entail."

Id. (emphasis supplied) Because the Supreme Court determined that "full-blown" discovery is not appropriate in habeas corpus proceedings, it held that "a district court may, *in an appropriate case,*

arrange for procedures which will allow development, *for the purpose of the hearing,* of the facts

relevant to disposition of a habeas corpus petition." Id. at 298 (emphasis supplied)

State Attorney Satz respectfully submits to this Court that the case *sub judice* is not, at least

at this juncture, "an appropriate case" for petitioner to engage in broad methods of discovery

characterized by the subject subpoena. This is not an appropriate case at this juncture for two

reasons.

First, petitioner's counsel has stated in "Petitioner's Motion For Discovery And For Stay

Of The Briefing Schedule Pending Discovery" paragraph 3, page 2, [DE 23] that:

> "In its original order appointing counsel, the Court authorized counsel
> to amend the pro se petition, if necessary, to include *additional
> claims* cognizable in habeas, and counsel has advised the Court that
> she indeed intends to *amend* the pro se petition to raise the
> voluntariness issue, and seek an evidentiary hearing thereon."

As of this date, there has been no amended petitioned filed and it would be inappropriate for

petitioner to engage in discovery until such time one is filed. Thereafter, respondent will have an

opportunity to respond to the amended petition. Only then will the issues of this case be properly

framed and in turn, those issues should govern the scope of any discovery, if appropriate.

Furthermore, if petitioner has "additional claims" cognizable in habeas, the time to plead said claims

is now. Instead, petitioner seeks to engage in a fishing expedition without first presenting to this

Court a petition which sets forth specific allegations in support of his prayer for habeas corpus relief.

A reading of Harris, supra, indicates that *before a court allows discovery*, it must first be presented

with a petition containing specific allegations and the grounds for relief:

> "We do not assume that courts in the exercise of their discretion will
> pursue or authorize pursuit of all allegations presented to them . . .
> But where specific allegations before the court show reason to believe

> that the petitioner may, if the facts are fully developed, be able to
> *demonstrate* that he is confined illegally and is therefore entitled to
> relief, it is the duty of the court to provide the necessary facilities and
> procedures for and adequate inquiry."

Id. at 300 (emphasis supplied) The only issue raised in this petition is the insufficiency of the

evidence to convict petitioner of the crime charged. However, petitioner's counsel, in its original

motion for discovery asserts an intention to raise the voluntariness issue and possibly other

unspecified claims. This Court should require petitioner to amend its petition prior to discovery and

thereafter, only if there is reason for this Court "to believe that petitioner may, if the facts are fully

developed, be able to *demonstrate* that he is convicted illegally" should discovery be permitted.

State Attorney Satz's continuous emphasis of the term "demonstrate" is to illustrate the

second reason why this is an inappropriate case for discovery at this juncture. At the time discovery

was sought before the District Court in Harris, supra, it was determined that an evidentiary hearing

was appropriate. The Supreme Court, in its allowance of discovery procedures, carefully

emphasized that discovery should be permitted by a court in conjunction with an evidentiary hearing.

For example, "a district court may, *in an appropriate case*, arrange for procedures which will allow

development, *for the purpose of the hearing*, of the facts relevant to disposition of a habeas corpus

petition[,]" Id. at 298 (emphasis supplied) Furthermore:

> At any time in the proceedings, when the court considers that it is
> necessary to do *so in order that a fair and meaningful evidentiary*
> *hearing may be held* so that the court may properly 'dispose of the
> matter as law and justice require,' either on its own motion or upon
> cause shown by the petitioner, it may issue such writs and take or
> authorize such proceedings *with respect to development, before or in*
> *conjunction with the hearing of the facts relevant to the claims*
> *advanced by the parties,* as may be 'necessary or appropriate in aid of
> (its jurisdiction) . . . and agreeable to the usages and principles of
> law.'

6

Id. at 300. (emphasis supplied)  Thus, State Attorney Satz submits discovery should only be used, as stated before, when this Court has reason "to believe that petitioner may, if the facts are fully developed, be able to *demonstrate* that he is convicted illegally."  And the time and place for plaintiff to demonstrate that he is confined illegally is at an evidentiary hearing.  No evidentiary hearing has been requested by petitioner or scheduled by this Court.[2]  Until a determination is made that an evidentiary hearing is appropriate, discovery should not be permitted.  Moreover, until petitioner's counsel has amended the petition and properly frames the issues, this Court cannot conclude whether facts are in dispute requiring an evidentiary hearing.[3]  See Perillo v. Johnson, 79 F.3d 441, 444 (5th Cir. 1996) ("the discovery and evidentiary hearing are limited to the factual dispute; we have made clear that Rule 6 'does not authorize fishing expeditions'").  (citation omitted); U.S. ex rel. Nunes v. Nelson, 467 F.2d 1380 (9th Cir. 1972) ("[no entitlement] to a discovery order to aid in the preparation of some future habeas corpus petition").

A determination of whether an evidentiary hearing should be granted prior to a Court's authorization to engage in discovery in a habeas corpus proceeding was the analysis deployed in

_____

[2] A review of this Court's docket sheet reveals entry 29 is titled "Order set [sic] evidentiary hearing for 9:30 12/26/97 before Magistrate Judge Charlene H. Sorrentino (signed by Magistrate Judge Charlene H. Sorrentino on 12/1/97)" However, consultation with this Court's docket clerk reveals the only order issued by this Court on December 1, 1997, was its "Order Setting Hearing" which was not for an evidentiary hearing, but concerned discovery matters.

[3] *But see* Wagner v. United States, 418 F.2d 617, 621 (9th Cir. 1969), where the opinion stated the trial court could permit interrogatories, provide for deposing witnesses, "and take other pre-hearing steps as may be appropriate."  This Ninth Circuit case, as well as the Supreme Court's decision in Harris, supra, is cited in the Advisory Committee Notes to Rule 6.  State Attorney Satz submits that Wagner is not binding upon this Court, offers no rationale or analysis concerning justification for pre-hearing discovery, only permits preliminary interrogatories, and should not be given any weight by this Court.  The committee's reference to Harris as alluding to the possibility of pre-hearing discovery is a broad interpretation of the Court's opinion and fails to account for the preceding language providing "when the court considers that it is necessary to do so in order that a fair and meaningful evidentiary hearing may be held . . ."  State Attorney Satz submits that discovery should only be had when necessary to ensure a fair and meaningful evidentiary hearing.