COPY IN CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

TIMOTHY BROWN,

    Petitioner,

vs.

HARRY K. SINGLETARY,

    Respondent.

CASE NO. 95-7207-CIV-GRAHAM
Magistrate Judge Sorrentino

### MICHAEL J. SATZ'S REPLY MEMORANDUM TO PETITIONER'S RESPONSE TO STATE ATTORNEY'S MOTION TO QUASH SUBPOENA, AND REPLY TO OBJECTIONS TO SUBPOENA

MICHAEL J. SATZ, as State Attorney for the Seventeenth Judicial Circuit of Florida (hereinafter "State Attorney"), through undersigned counsel and pursuant to S.D. Fla. L.R. 7.1C and 26.1G6, serves this reply memorandum to petitioner's response to State Attorney's motion to quash subpoena, and reply to objections to subpoena, as follows:

1.     Petitioner's response asserts that he "has requested the issuance of a subpoena only because the state attorney refuses to comply with its obligations under Fla. Stat. § 119." (Response at p. 1) (emphasis in original) Thereafter, petitioner accuses the State Attorney of "footdragging," obstruction of investigation of public records, and forcing this Court into the position of having to enforce the state attorney's public records law obligations.

This argument is bogus for two reasons. First, there is no evidence that the State Attorney has intentionally obstructed any investigation of public records. The State Attorney has always acted in good faith pursuant to its public records obligations under Florida law. Second, petitioner is making its argument in the wrong forum. If the Federal Public Defender was dissatisfied with the

response by State Attorney to its public records request, Florida public records statutes specifically contemplate judicial enforcement of its provisions by commencement of a civil action. See section 119.07(2)(b), (2)(d), 119.11(1), Fla. Stats. (1997); A.J. v. Times Pub. Co., 605 So.2d 160 (Fla. 1st DCA 1992); Fla. Stat. ch. 119.11(1) and (3) (1997). The Federal Public Defender has not sought this available remedy in state court, and has in essence "thumbed its nose" at Florida's public records procedures and bypassed the relief provided therein. Dissatisfied with the State Attorney's claimed exemptions to public records law, the Federal Public Defender saw opportunity to use the public records dispute as a springboard to seek discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases and to form a basis for "good cause" as required by Rule 6. Petitioner admits he "has requested the issuance of a subpoena **only** because the state attorney refuses to comply with its obligations under Fla. Stat. § 119." (Response at p. 1) (emphasis in original) More traditional grounds for discovery and good cause such as *factual disputes* or *insufficiency of the record* and the need for an evidentiary hearing are typically presented to the Court as a basis for discovery. However, petitioner cannot advance such grounds since the pleadings in this case are not even closed, petitioner has not amended his petition for habeas corpus as intended, and there are no factual disputes that have been brought to the Court's attention. Furthermore, an evidentiary hearing has not even been set by this Court. No doubt petitioner has the right, pursuant to Florida's public records law, to obtain records within the State Attorney's file absent asserted statutory or legally recognized exemptions by the responding state agency. The fact that such exemptions have been asserted does not, per se, give rise to "good cause" under Rule 6, nor do the asserted exemptions justify petitioner's use of this Court's subpoena power to engage in a fishing expedition into matters which are exempt from disclosure and otherwise privileged as discussed below.

2. Petitioner's statement that the materials are public records and are not shielded by work product privilege is incorrect. First, the State Attorney has not abandoned its assertion of the exemptions set forth in State v. Kokal, 562 So.2d 324 (Fla. 1990). Documents have not been produced by the State Attorney in response to the public records request since they fall within the category of documents recognized in Kokal not to be within the term "public records." Second, petitioner's position that there is no attorney work product privilege which bars disclosure of a document that is considered a public record is obviously true. The problem with the Federal Public Defender's rationale, or lack thereof, is that documents which are considered work product are never considered "public records." This basic concept was emphasized recently in Johnson v. Butterworth, 23 Fla. L. Weekly S 161, WL 120208 (Fla. March 19, 1998) where the Court first stated that the exemptions described in its prior Kokal decision really described work product and further stated that "if documents are work product, they are not and never will be considered public records, and are never subject to public record disclosure." The State Attorney's claim of work product privilege is a valid one.

The deliberative process privilege is also a valid claim and is well recognized despite petitioner's ignorance of its existence. The Eleventh Circuit itself applied the privilege in Nadler v. U.S. Dept. of Justice, 955 F.2d 1479 (11th Cir. 1992). Certain documents exist which can be classified as "predecisional" which express a deliberative process by the State Attorney in the form of opinions on legal or policy matters. These documents would clearly be protected under this privilege.

3. The State Attorney has maintained that discovery in this habeas corpus proceeding is premature. Petitioner's reliance upon the authority for discovery prior to an evidentiary hearing

3

is distinguishable from the case at bar. Even if discovery might be allowable to establish a prima facie case, petitioner must, at a minimum, *plead* a prima facie *petition* setting forth exhausted claims which may require discovery to aid the petitioner to *establish a prima facie case*. Petitioner's grounds for good cause relate to alleged claims that have not even been pled. The authorities relied upon by petitioner are inapposite to this case since the petitioners therein at least presented claims to the court where it could determine if they were "palpably incredible." Only one claim has been advanced by petitioner in this case and it has not been relied upon for discovery purposes.

Counsel for petitioner has stated she will be amending the petition to raise an issue as to whether Brown's confession was knowing, intelligent, and voluntary. The time to amend is now. If the Federal Public Defender has a good faith belief that a claim for habeas corpus relief can be founded upon an improper confession, then the facts surrounding that claim need to be pled in good faith, subject to the requirements of applicable rules of procedure and professional conduct. If the Court in its examination of that exhausted claim believes an evidentiary hearing is warranted, then discovery may be available.

Petitioner has made allegations to this Court of the existence of viable claims to be made in an amended petition, but to this day has not amended his petition, preferring to conduct a classic "fishing expedtion" into the State Attorney's files in hopes of discovering documents to support such mysterious claims. Such conduct

in inappropriate, without legal merit, and the subpoena should be quashed.

Respectfully submitted,

ROBERT A. BUTTERWORTH
ATTORNEY GENERAL

_[signature: Scott Messel for / Fla. Bar No. 0807110]_

John P. Goshgarian
Assistant Attorney General
Fla. Bar No. 0964956

OFFICE OF THE ATTORNEY GENERAL
Civil Litigation Division
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, FL 33301
Telephone: (954) 712-4600
Facsimile:   (954) 712-4706

## CERTIFICATE OF SERVICE

I CERTIFY that I caused a true and correct copy of the foregoing to be served upon LESLIE CAMPBELL, Assistant Attorney General, 1655 Palm Beach Lakes Boulevard, Suite 300, West Palm Beach, Florida, 33401 and BRENDA G. BRYN, Assistant Federal Public Defender, 101 NE 3rd Avenue Suite 202, Ft. Lauderdale, FL  33301, by facsimile and U.S. Mail on the 25th day of June 1998.

_[signature: Scott Messel for]_

J.P. Goshgarian
Assistant Attorney General