UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-7207-Civ-GRAHAM
MAGISTRATE JUDGE SORRENTINO

TIMOTHY BROWN,         :

    Petitioner,        :

v.                     :          REPORT OF
                                  MAGISTRATE JUDGE
HARRY K. SINGLETARY,   :

    Respondent.        :

_____

Timothy Brown, a state prisoner confined at Avon Park Correctional Institution, initially filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 pro se, to challenge the constitutionality of his conviction of first degree murder following a jury trial in Broward County Circuit Court case number 91-14793-CF-B. Brown is now represented by the Federal Public Defender. [DE 17]

The case is before the Court on the petition of the Broward State Attorney Michael J. Satz for leave to appeal a non-final discovery order [DE 48] and his corollary motion to stay this proceeding pending appeal. [DE 47] In addition, there are pending a motion by State Attorney Satz for reconsideration of the Court's order declining to vacate the order of the undersigned denying Satz's motion to quash subpoena [DE 43] and a motion by Satz to stay the order of the undersigned pending mandamus proceedings in the Eleventh Circuit Court of Appeal. [DE 50] Before turning to

the substance of these motions, a brief description of the proceeding is in order.

This case arises from the shooting death of Broward County Deputy Sheriff Patrick Behan in November, 1990. Brown, who was fourteen years old at the time of the crime and is mildly retarded, was convicted of first degree murder as a principal based on his own taped statement. He is presently serving a sentence of life imprisonment without possibility of parole. Brown's seventeen-year-old codefendant, Keith King, who apparently was the shooter, pleaded guilty to manslaughter and was sentenced to 15 years imprisonment.

The sole claim Brown raised in his pro se petition is a challenge to the sufficiency of the evidence to sustain his conviction. The Assistant Federal Public Defender has indicated an intention to amend the petition to add a claim concerning the voluntariness of Brown's confession. [DE 21 at 3, ¶6] At the present time, the briefing schedule has been stayed pending resolution of the discovery process. [DE 24]

The discovery process in this case has become protracted and contentious, as the motions under consideration indicate. The details of the discovery process to date are fully set forth in the petitioner's response to the motion for stay filed in the appellate court [DE 52, exhibit] and will not be repeated here for the sake

2

of brevity. Briefly, after a hearing was conducted to attempt to resolve discovery disputes [DE 32], the petitioner moved for the issuance of subpoenas <u>duces tecum</u> to both the Broward State Attorney's Office and the Broward Sheriff's Office, to compel disclosure of materials removed from the State Attorney's investigative file prior to counsel's review, and for three boxes removed from the Sheriff's investigative file on Deputy Behan's death. That motion was granted by the undersigned on April 17, 1998. [DE 34]

Michael J. Satz, State Attorney of Broward County, moved to quash the subpoena issued to the Records Custodian of his office. [DE 37] Following a response in opposition from the petitioner, Satz's motion was denied on July 14, 1998. [DE 39] Motions for reconsideration of that order and for a stay of that order subsequently were denied by the District Judge. [DE 45]

Attorney General Satz has now moved for permission to appeal the orders denying his motion to quash the subpoena pursuant to 28 U.S.C. §1292(b). [DE 48] He argues that although the discovery order at issue is interlocutory in nature, it meets the test for an immediate appeal set forth in <u>In re Ford Motor Company</u>, 110 F.3d 954 (3 Cir. 1997). In addition, he contends that: 1) Brown has not exhausted his discovery request in the Florida courts so the federal court lacks jurisdiction over it, 2) even if the request is cognizable, the petitioner has failed to show good cause

3

sufficient to permit discovery under Rule 6 of the Rules Governing Section 2254 Proceedings, and 3) the matter is not yet ripe for discovery because no amended petition has yet been filed. [DE 48 at 9-10] The petitioner has filed a memorandum in opposition. [DE 52]

Certification of this matter for interlocutory appeal under §1292(b) is not warranted. Generally, of course, the policy of the federal courts is to discourage piecemeal appeals, and it has often been emphasized that permission to pursue interlocutory appeals is to be granted sparingly and with discrimination, and only in exceptional cases where to do so will avoid protracted and expensive litigation. In Re San Juan Dupont Hotel Fire Litigation, 859 F.2d 1007, 1010 (1 Cir. 1988); Control Data Corp. v. International Business Machines Corp., 421 F.2d 323, 325 (8 Cir. 1970). The movant in such instances bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted. Bank of New York v. Hoyt, 108 F.R.D. 184, 189 (D.R.I. 1985).

Section 1292(b) establishes three criteria for certification: the district court must be "of the opinion that" 1) the order "involves a controlling question of law"; 2) "there is substantial ground for difference of opinion"; and 3) certification will "materially advance the termination of the litigation." In re Ford Motor Co., supra at 958; Paschall v. Kansas City Star Co., 605 F.2d 403, 405 (8 Cir. 1979).

4

In this case, none of these criteria is present. First, the determination that the petitioner should be allowed the discovery he seeks does not involve a "controlling question of law" as that term is used in the context of §1292(b). In White v. Nix, 43 F.3d 374, at 377 (8 Cir. 1994), the Eighth Circuit in dismissing an interlocutory appeal from a discovery ruling upon the holding that the District Judge had not adequately considered the statutory criteria, explained that "a legal question of the type referred to in §1292(b) contrasts with `a matter for the discretion of the trial court'," and noted that since discovery rulings are committed to the court's discretion, at least one court has concluded that they generally will never involve a controlling question of law. Id. at 377.

Moreover, to the extent that the ruling at issue involves the determination of whether a privilege exists and is applicable to the materials sought by the petitioner, that legal issue is controlling only as to the existence of the privilege; it is not controlling as to the litigation. Stout v. Illinois Farmers Ins. Co., 882 F.Supp. 776, 778-79 (S.D. Ind. 1994)("A controlling question of law is a threshold issue which seriously affects the way the court conducts the litigation (e.g., impacting whether or not the plaintiff has a cause of action under a particular statute). The issue of the documents to which plaintiff will have access in building his case is not a controlling question of law.

5

Granted, it will impact the way that the case is tried, but not in a fundamental way."); White, supra at 377 n. 3.

The second statutory criteria dictated by §1292(b) is the existence of a "substantial ground for difference of opinion." In this case, this is perhaps the closest call of the three criteria, but careful consideration of the Florida Public Records Law, Chapter 119, Florida Statues, and the case law interpreting it, leads clearly to the conclusion that at least some of what has been withheld from the petitioner's consideration in this case is discoverable pursuant to those authorities.[1]

---

[1] In State v Kokal, 562 So.2d 324 (Fla. 1990), the Florida Supreme Court held that a movant for postconviction relief was entitled to disclosure of those portions of the State Attorney's file that fell within the provisions of the Public Records Act because the conviction and sentence had become final. "[A] public record, for purposes of section 199.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate or formalize knowledge of some kind. ... Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction or official business." Shevin v. Byron et al., 379 So.2d 633, 640 (Fla. 1980), cited with approval in Kokal, supra.

In addition, the petitioner points out correctly that the Attroney General's reliance on Johnson v. Butterworth, 23 Fla.L.Weekly S161 (Fla. March 19, 1998) [DE 48 at 12] is incorrect. The Attroney General cites Johnson for the proposition that certain documents contained in public files are work product and are never discoverable. [Id.] However, the Florida Supreme Court withdrew its opinion and deleted the language upon which the Attorney General relies, and held instead in keeping with Kokal only that certain materials were preliminary guides only and hence did not constitute public records. Johnson v. Butterworth, ___ So.2d ___ 1998 WL 378355 (Fla. July 9, 1998).

6

The third statutory criteria that must be met for certification under §1292(b) is a finding that an interlocutory appeal would "materially advance the termination of the litigation." As to this criteria, there is no doubt that an appeal at this stage of the proceedings would do just the opposite -- it would retard resolution of the petitioner's claims by a significant period of time. Moreover, even were the Attorney General to obtain a reversal of the subject discovery order on appeal, it would neither end the litigation nor reduce the number of unresolved substantive issues in the case. Cf. German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385, 1398 (S.D.N.Y. 1995). At most, it would reduce the amount of discovery he would be required to produce. Such a result is insufficient to satisfy the third prong of §1292(b). White, supra at 378 ("[R]esolution of this discovery dispute does little to advance the ultimate termination of the litigation ... Regardless of whether [the petitioner] obtains the files, he will press his [§2254] claims.")

Since the statutory criteria necessary to support the exceptional step of certifying an interlocutory appeal are not present here, the inquiry need go no further. The Attorney General's additional arguments actually go to the correctness of the discovery order itself, rather than to whether an interlocutory appeal of that order should be certified. Nonetheless, they lack merit for the following reasons.

The Attorney General's argument that Brown must exhaust his discovery request in the Florida courts prior to making it in the federal forum is without foundation. Rule 501 of the Federal Rules of Evidence authorizes federal judges in civil proceedings where state law supplies the rule of decision as to an element of a claim or defense to determine issues of privilege "in accordance with state law." The cases cited by the Attorney General all deal with the settled proposition that the substantive claims raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted, through the appellate process. Anderson v. Harless, 459 U.S. 4 (1982); Hutchins v. Wainwright, 715 F.2d 512 (11 Cir. 1983); Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979). Those cases do not say -- nor do any other known authorities -- that when a privilege rooted in state law is asserted in the midst of a federal proceeding, the litigants must be required to return to the state forum for a ruling on the issue. Such a finding is neither mandated by nor consistent with applicable federal principles, and would paralyze federal courts' ability in such situations to see that cases under their control proceed in an orderly and efficient manner.

The state's argument at this juncture that the petitioner has failed to show good cause sufficient to permit discovery under Rule 6 of the Rules Governing Section 2254 Proceedings is essentially repetitive. The petitioner moved for discovery under Rule 6 much earlier in the litigation [DE 23, 27], respondent Harry K.

8

Singletary filed a response in opposition [DE 25], and the petitioner's request was granted. [DE 31] The Attorney General suggests no reason why that holding should be revisited at this point in time.

The Attorney General also argues that the case is not yet ripe for discovery because no amended petition has been filed. [DE 48 at 9-10] It is true that the petitioner initially was permitted to engage in the discovery process prior to filing an amended petition. However, as is clear from this report, the discovery process in this case has become protracted, and further delay in the resolution of the petitioner's claims is to be avoided if possible. Since the petitioner's counsel has already indicated that a voluntariness issue will be asserted in addition to the sufficiency of the evidence claim that is currently pending, it will prejudice neither party and may hasten the eventual resolution of this case to require the petitioner to submit an amended petition at this time, subject to further amendment at a later stage of the proceedings if events warrant.

Lastly, the state continues to maintain throughout its pleadings that the materials requested by the petitioner are not subject to discovery as public records and that to hold otherwise would "impact the scope of discovery allowed in habeas corpus cases," "open the state to overburdensome discovery," and "will expose even the most peripheral participant in a criminal

9

investigation to being called to give a deposition and disclose even personal notes kept in the investigatory file." [DE 48 at 3] These arguments highlight the fact that the Court to date has never been apprised of specifically what documents or materials the Attorney General believes are objectionable as discovery. While the Attorney General has failed to demonstrate an entitlement to an interlocutory appeal of the denial of his motion to quash subpoenas, neither should the discovery process be allowed to work the kind of mischief he predicts.

Consequently, it would facilitate the court's proper resolution of the discovery issues in this case to grant the Attorney General an opportunity to submit a reasonable amount of disputed material *in camera*, along with a statement summarizing in detail the material submitted and the specific legal objection(s) to each item submitted. In this way the Court could be assured that nothing potentially detrimental to outside interests and irrelevant to resolution of the claims in this §2254 proceeding would become public knowledge.[2]

In the event the Court adopts the recommendation that the Attorney General's motion for permission to appeal under §1292(b)

---

[2] For instance, there are references in the record to a criminal investigation being triggered by Deputy Behan's murder into allegations that Broward deputies coerced sex from employees at the convenience store where he was killed. It does not appear that the particular findings of that investigation would be germane to the issues presented in this §2254 proceeding.

be denied, his corollary motion to stay pending appeal [DE 47] likewise should be denied, as moot.

The attention of the District Judge is drawn to the fact that DE 43, a motion for reconsideration of his order denying the Attorney General's motion to vacate the order of the undersigned declining to quash the subpoena, remains pending on the docket. It may be that the Court intended to deny that motion in DE 45, where it was held that "it has not been shown that the Magistrate Judge's order is clearly erroneous or contrary to law," but if so it appears that the Clerk needs to be instructed to correct the docket.

The Attorney General's motion to stay this proceeding pending the outcome of a petition for writ of mandamus filed with the Eleventh Circuit Court of Appeals as case number 98-5050 [DE 50] is moot. Telephonic inquiry to the Clerk of the Eleventh Circuit has revealed that the petition for writ of mandamus was dismissed by that court without opinion on July 29, 1998.

For the foregoing reasons, it is recommended as follow:

1) The Attorney General's motion for permission to appeal under 28 U.S.C. §1292(b) [DE 48] should be granted, only to the extent that the Attorney General be permitted to submit a reasonable amount of the material he believes is not subject to

discovery *in camera*, along with a statement summarizing in detail the material submitted and his specific legal objection(s) to each item submitted. In all other respects, the motion should be denied.

2) The Attorney General's motion for stay pending appeal [DE 47] should be denied, as moot.

3) The Attorney General's motion to stay this proceeding pending the outcome of his petition for writ of mandamus filed with the Eleventh Circuit Court of Appeals [DE 50] should be dismissed, as moot.

4) The petitioner should be permitted a reasonable time within which to submit an amended petition, subject to further amendment if events warrant.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: August 24, 1998

*[signature]*
UNITED STATES MAGISTRATE JUDGE

cc: Celia Terenzio, AAG
    Criminal Appeals Division
    Department of Legal Affairs
    1655 Palm Beach Lakes Blvd., #300
    West Palm Beach, FL 33401-2299

    Brenda G. Bryn, AFPD
    Federal Public Defender
    150 West Flagler Street
    Suite 1500
    Miami, FL 33130