UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY_____D.C

98 OCT -9 AM 8: 21

CLERK U.S. DISTRICT.
S.D. OF ... MIAMI

Case No. 95-7207-CIV-GRAHAM
(Magistrate Judge Sorrentino)

Florida Bar No. 0708224

TIMOTHY BROWN,                    :

      Petitioner,

      v.                          :

HARRY K. SINGLETARY,              :

      Respondent.

---

### UNOPPOSED MOTION FOR PERMISSION TO FILE
### AMENDED PETITION AFTER CONCLUSION OF *IN CAMERA* REVIEW

The Petitioner, Timothy Brown, through counsel, respectfully requests that the Court allow

him to file his amended petition in this case thirty (30) days from the conclusion of the *in camera*

review, and in support thereof, states:

1. On September 17, 1998, Judge Graham issued an order allowing the Attorney General a

month to "submit a reasonable amount of the material he believes is not subject to discovery *in*

*camera*."

2. By that same order, Judge Graham ordered that within three weeks of September 17, Mr.

Brown file an amended petition for § 2254 relief, adding a claim concerning the voluntariness of his

confession. Accordingly, the amended petition is currently due to be filed on October 8, 1998.

3. Undersigned counsel did not receive Judge Graham's order until September 23, 1998.

Counsel was out of the office from September 17-18 at the Federal Defenders' Seminar in Hawk's

Cay, Florida, and immediately thereafter, was out for Rosh Hashanah (September 21-22).

4.  Upon arriving back at the office on September 23, counsel spoke with AAG Celia Terenzio, who advised counsel that she would be contacting Magistrate Judge Sorrentino's chambers to arrange the *in camera*. Ms. Terenzio promised to advise counsel when that *in camera* was set up, and to serve counsel with a copy of the "statement summarizing in detail the material submitted and the specific legal objections interposed as to each item submitted." Ms. Terenzio advised counsel that each and every withheld document would be turned over to Magistrate Judge Sorrentino for the *in camera* review. According to Ms. Terenzio, none of the previously-withheld documents would be provided to the defense without a prior *in camera* review.

5.  Other than speaking with Ms. Terenzio on September 23, counsel spent the rest of September 23 preparing her office for Hurricane Georges. The office was then closed on September 24-25 due to the hurricane warning, and counsel was out of the office again on September 30 for Yom Kippur. In the meantime, counsel had to file a petition for rehearing in *United States v. Heath*, ___ F.3d ___, 1998 WL 610573 (11th Cir. 1998), which was mailed out on October 2. Counsel was out of the office again on October 6-7 for the Jewish holiday of Succot. Although counsel has certainly thought through and begun to prepare Mr. Brown's amended petition, these many unavoidable absences from the office due to observance of religious holidays, and the *Heath* petition for rehearing, have not left counsel sufficient time to complete the amended petition.

6.  Unfortunately, it is unlikely that counsel will have sufficient time to finalize that petition in the next few weeks either. Counsel will be out of the office again on October 12-13 for the Jewish holidays of Shemini Atzeret and Simchat Torah, and counsel has an initial brief in *United States v. Alcides Ramos*, Case No. 97-5913, due on October 15. Counsel must then file a reply brief in *Nelson Zambrano v. United States*, Case No. 98-4404 on October 19; go up north on family business from

October 21-23; and then file an answer brief in *United States v. Wilma Bush*, Case No. 98-4894, on November 2, 1998.

7. Counsel wishes to make the amended petition as complete as possible. Towards that end, AAG Terenzio has agreed that it makes sense *not* to file the amended petition until the Court has concluded its *in camera* review, and has definitively determined which of the withheld documents must be turned over to Mr. Brown as public records.[1] This way, Mr. Brown will not have to file a Second Amended Complaint to incorporate facts or claims derived from these "public records."

WHEREFORE, the petitioner, TIMOTHY BROWN, respectfully requests that the Court allow him to file his amended petition within thirty (30) days of conclusion of the Court's *in camera* review of the withheld documents and determination as to which of the withheld documents are indeed public records.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Brenda G. Bryn, Assistant
Federal Public Defender
Attorney for Petitioner Brown
101 N.E. 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
Tel./FAX (954) 356-7436/7556

---

[1] Although counsel has not yet received the Attorney General's "statement summarizing in detail the material submitted and the specific legal objection(s) interposed as to each item submitted," there may have to be some litigation as to the completeness of the *in camera* production, if that list does not include at the very least, the documentation surrounding the Keith King plea offer(s) and polygraph examination (documents which must exist in the state attorney's file, have never been provided, and are not exempt under *Kokal*). As of September 23, Ms. Terenzio was unaware of such documentation among the withheld material provided her by the State Attorney's Office. Counsel specifically asked Ms. Terenzio to look into this possible omission, before the *in camera* production.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed

this ___7th___ day of __October__ , 1998 to Assistant Attorney General Celia Terenzio,

1655 Palm Beach Lakes Boulevard, Suite 300, West Palm Beach, Florida 33401-2299.


Brenda G. Bryn

4