IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

95-7207-CIV-GRAHAM

(Magistrate Judge Sorrentino)

TIMOTHY BROWN,

        Petitioner,

vs.

HARRY K. SINGLETARY,

        Respondent.

_____/

**PETITIONER'S MOTION FOR SUBPOENA TO BROWARD STATE ATTORNEY'S OFFICE FOR POLYGRAPH(S) OF KEITH KING AND ALL DOCUMENTATION SURROUNDING THAT POLYGRAPH, AS WELL AS ANY AND ALL DOCUMENTATION CONCERNING PLEA OFFER(S) MADE TO KEITH KING AND TIMOTHY BROWN**

The petitioner, Timothy Brown, through counsel and pursuant to Rule 6 of the Rules Governing § 2254 proceedings, and Rule 45 of the Federal Rules of Civil Procedure, respectfully requests that the Court issue subpoenas *duces tecum* directing the records custodian of the State Attorney's Office, to produce the videotaped polygraph of Keith King, any and all notes by the polygrapher and/or assistant state attorney with regard to that polygraph, as well as any and all documentation concerning the plea offer(s) made to Keith King and Timothy Brown, and in support thereof, he states:

1. In the attached article written from the March 18, 1994 Sun-Sentinel, staff writer Trevor Jensen states that Keith King took and passed a polygraph test. (Exhibit A). Jensen likewise notes

that prosecutors had made several plea offers to King, including some after he passed the polygraph. According to the article, the final deal was initiated by prosecutor Chuck Morton, just as a jury had been picked for Keith King's trial. Finally, the article mentions that the prosecutors were unsure of their case against Brown, and had offered him a plea to 15 years. The fact of this plea offer to Brown, is confirmed by attorney Larry Davis in the trial transcript.

2. Neither the Keith King polygraph, nor any of the documentation surrounding any of the plea offers made to King or Brown has been made available thus far to undersigned counsel. Indeed, these materials were not made available during the October 22, 1997 public records review of the state attorney's file, which counsel conducted at the state attorney's office. And, from the Attorney General's recent "Notice of Submission of Materials for In Camera Inspection," the polygraph and plea documentation do not appear to be included in those materials submitted for *in camera* review. Rather, it seems, they are still being withheld.

3. From the time Mr. Brown responded to the petition for mandamus, up through the most recent motion Mr. Brown has filed with the court (an unopposed motion to file the amended petition after the *in camera* review), counsel has made reference to this article by Trevor Jensen and/or to the improper withholding of the King polygraph, and documentation surrounding the various plea offers. Moreover, counsel has broached the matter of the polygraph and plea offers with AAG Celia Terenzio both by letter (Exhibit B), and by telephone. (Exhibit C at 3 n.1). Unfortunately, as of this writing, there has been no response to these repeated entreaties to provide such documents -- which clearly are public records and must be turned over pursuant to *State v. Kokal*, 562 So.2d 324 (Fla. 1990). Counsel has no other choice at this juncture, but to request the issuance of a subpoena directing the state attorney to produce these materials.

2

3. The rules governing § 2254 cases authorize the Court to grant a request for discovery upon "good cause shown." See Rule 6, Rules Governing Section 2255 Proceedings. Upon a showing of "good cause," rule 6(a) authorizes any party to "invoke the processes of discovery available under the Federal Rules of Civil Procedure." Rule 45 governs the issuance of subpoenas, and states "A command to produce evidence or to permit inspection may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately." If Keith King passed a polygraph examination, that may provide evidence that Timothy Brown's confession was false and coerced. The documentation surrounding the various plea offers to both King and Brown, may likewise shed light on the voluntariness issue, as well as the sufficiency of the government's case against Brown, as well as other issues which Brown wishes to raise in his amended petition. It is impossible for Brown to fully evaluate the claims he wishes to raise in his amended petition, without knowing what happened during the King polygraph and/or the state attorney's thought process in extending both defendants generous plea offers. There is therefore "good cause" for issuing the subpoenas in this case.

4. Upon information and belief, all polygraph examinations conducted by the state attorney's office are conducted with a pre-interview first, and later are videotaped. Mr. Brown seeks the polygrapher's notes of the pre-interview, the videotape of the polygraph, the polygrapher's evaluation of the polygraph, and any and all other documents in the possession of the state attorney's office related to this polygraph. Additionally, upon information and belief as well, the decision to offer pleas in a high-profile case such as the instant one, would have involved substantial communication between the prosecutor Chuck Morton, and the State Attorney Michael Satz. If there are no notes, inter-office or inter-agency memoranda, or other documentation in the file reflective of the decision-

3

making which accompanied the plea offers, the state attorney should so state in writing. In that event, Mr. Brown requests leave to depose Assistant State Attorney Chuck Morton.

WHEREFORE, the petitioner, TIMOTHY BROWN, respectfully requests that the Court issue a subpoena *duces tecum* to the State Attorney's Office, directing the records custodian of the State Attorney's Office, to produce the videotaped polygraph of Keith King, any and all notes or conclusions by the polygrapher and/or assistant state attorney with regard to that polygraph, as well as any and all notes, memoranda, or other documentation concerning the plea offer(s) made to Keith King and Timothy Brown.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By/s/ Brenda G. Bryn
Brenda G. Bryn
Timothy Day
Assistant Federal Public Defenders
Florida Bar No. 0708224
101 N.E. 3rd Avenue, Suite 202
Ft. Lauderdale, Florida 33301
Tel./FAX: (954) 356-7436/7556

# METRO

Sun-Sentinel, Friday, March 18, 1994   Section B

## Deal cut in deputy's slaying

### King pleads guilty to manslaughter

By TREVOR JENSEN
Staff Writer

On the day he was to face a jury that could have sent him to the electric chair for the murder of a Broward Sheriff's Office deputy, Keith King cut a deal that will probably allow him to walk out of prison in 10 years.

Acknowledging their case for first-degree murder was weak, prosecutors agreed to allow King, 20, to plead guilty to manslaughter of a police officer, a second-degree felony.

King was sentenced to the maximum of 15 years in prison, and will have to serve at least 10 years.

King has maintained his innocence in the fatal November 1990 shooting of deputy Patrick Behan and was hesitant to accept the deal until the state reduced four unrelated sexual battery charges, said defense attorney Victor [...]

Instead of facing life in prison on each of the sexual battery counts, King pleaded guilty to four counts of attempted sexual battery and received a 15-year sentence, to run concurrent with the manslaughter sentence.

King also pleaded guilty to a February 1991 armed robbery and was sentenced to 4½ years in prison, three of those years mandatory. That is negated by the almost three years he has been in jail and will be given credit for.

The deal was done with the blessings of Behan family members, who were ready to put an end to the almost 3½-year-old case.

"This sort of cements everything, in my belief," said the victim's father, Robert Behan Sr., a Broward court deputy. "In my opinion, the person who pulled the trigger is the person doing life in prison."

PLEASE SEE PLEA / 4B



Defendant Keith King, 20, left, holds his plea agreement papers in court next to attorney Chris Grillo.

Staff photo/ROBERT AZMITIA

Exhibit A

4B  Sun-Sentinel, Friday, March 18, 1994

PLEA

### FROM PAGE 1B

## Man pleads guilty to lesser charge in Behan murder

Tim Brown, who prosecutors said was with King when Behan was shot on Nov. 13, 1990, was convicted of first-degree murder in October and sentenced to life in prison.

Prosecutors were also unsure of their case against Brown and offered him a 15-year prison sentence in exchange for a guilty plea to a lesser charge. Brown rejected the offer.

King had also rejected several offers from prosecutors, some made after he took and passed a lie-detector test.

There were no witnesses when Deputy Patrick Behan, 29, was shot through the open window of his squad car outside a Circle K store.

The final deal was initiated by prosecutor Chuck Morton on Wednesday, as attorneys finished picking a jury for the trial. Testimony was to begin on Thursday.

Haggling among the attorneys and King continued through lunchtime on Thursday while 12 jurors, selected in part for their stated ability to sentence a man to death, sat in a back room wondering what was going on.



Left to right, Deputy's father, Bob Behan; wife, Gina Behan; er, Bob Behan, listen at Keith King's plea session.

"A lot of these things do not get worked out until the day of reckoning," Tobin said.

Although Morton said the evidence indicates Brown was the person who shot Deputy Behan, both defendants pointed at each other as the shooter.

There were no witnesses when Behan, 29, was shot through the open window of his squad car as he filled out a report on stolen cigarettes outside a Circle K store on Hallandale Beach Boulevard in Pembroke Park.

Investigators didn't make any arrests until the following July,

when they pinned the murder King and Brown, teen-age lengthy criminal background.

Brown was not eligible death penalty because only 14 at the time shooting.

The murder weapon was found. Both defendants la gued their statements to were coerced.

The investigation was clouded by a scandal in deputies who coerced sex clerk at the Circle K where was shot. In the end, it was

## Blaze heavily damages house

A fire heavily damaged a home south of Fort Lauderdale Executive Airport on Thursday night.

Flames were coming from sev-



Southern District of Florida

KATHLEEN M. WILLIAMS  
Federal Public Defender

Office: __Fort Lauderdale__

Assistant Attorney General Celia Terenzio  
Criminal Appeals Division  
Department of Legal Affairs  
1655 Palm Beach Lakes Boulevard, #300  
West Palm Beach, Florida 33401-2299

                Re: *Timothy Brown v. Harry K. Singletary*  
                Case No. 95-7207-Civ-Graham

Dear Celia:

I trust that you have had a chance to review Magistrate Judge Sorrentino's August 24, 1998 Report and Recommendation concerning production of documents by the state attorney in the above-referenced case. Before the time for filing objections expires, I want to make sure that there is no confusion between us as to the magistrate judge's recommendation that the Attorney General have "an opportunity to submit a reasonable amount of disputed material *in camera*." (R & R at 10-12).

Consistent with the magistrate judge's conclusion at page 6 of the R & R that "at least some of what has been withheld from the petitioner's consideration in this case is discoverable pursuant to [*Kokal* and other] authorities," it is clear that the "reasonable amount of disputed material" language is a direction to the state attorney not to burden the court with *in camera* review of documents which cannot "reasonably" be claimed to be protected under *Kokal* (as that decision has been interpreted at page 6, n.1 of the R & R). Rather, those unprivileged documents -- including at the very least, the documentation surrounding the Keith King plea offers and polygraph -- should be turned over to us **forthwith** (as expressly stated in the order denying the motion to quash). The state attorney should submit for *in camera* review, only those documents to which the *Kokal* exception can still in good faith be claimed.

If Judge Graham adopts the R & R, including the "reasonable amount" language quoted above, every document as to which a privilege is **reasonably** claimed under *Kokal* must be submitted to Magistrate Judge Sorrentino *in camera* for a determination as to whether that privilege applies. Moreover, pursuant to page 6 and n.1 of the R & R, the *Kokal* privilege for preliminary guides/precursors of final documents, is the **only** privilege which can validly prevent disclosure of any record prepared by any employee of the state attorney's office, or at the state attorney's office's direction or behest -- in connection with the Behan homicide investigation and Brown/King prosecutions. *See* Fla. Stat.

---

Miami  
150 West Flagler Street  
Suite 1500  
Miami, FL 33130-1555  
Tel: (305) 536-6900  
(305) FPD-HELP  
Fax: (305) 530-7120

Ft. Lauderdale  
101 Northeast Third Avenue  
Suite 202  
Ft. Lauderdale, FL 33301-1100  
Tel: (954) 356-7436  
Fax: (954) 356-7556

West Palm Beach  
400 Australian Avenue North  
Suite 300  
West Palm Beach, FL 33401-5040  
Tel: (561) 833-6288  
Fax: (561) 833-0368

Exhibit B

§ 119.07(l)(1). Given the existence of the Public Records Law in Florida, and the interpretation of that law in *Kokal* and other Florida cases, the state attorney has no right to continue to withhold material in these now-closed files as "work product" or pursuant to a "deliberative process privilege."

Please advise me immediately whether you disagree with any of the contents of this letter or if you have a different understanding and different intended form of compliance with the order. If I do not hear back from you prior to 5:00 p.m. on Wednesday September 2, 1998, I will assume that your understanding of the Report and Recommendation is consistent with that outlined above. If you do not so read the "reasonable amount" language and do not so interpret the obligations imposed upon the state attorney by the R & R, please advise me in writing (by 5:00 p.m. Wednesday) of your understanding of the R & R, so that I may timely move Magistrate Judge Sorrentino to clarify her Report and Recommendation with even stronger language, and/or file objections to the R & R with Judge Graham.

                                                  Very Truly Yours,

                                                  Brenda G. Bryn

cc: Assistant State Attorney Chuck Morton
    Assistant State Attorney Jim McLane

Southern District of Florida

KATHLEEN M. WILLIAMS  
Federal Public Defender

Office: __Fort Lauderdale__

Assistant Attorney General Celia Terenzio  
Criminal Appeals Division  
Department of Legal Affairs  
1655 Palm Beach Lakes Boulevard, #300  
West Palm Beach, Florida 33401-2299

Re: *Timothy Brown v. Harry K. Singletary*  
Case No. 95-7207-Civ-Graham

Dear Celia:

This will confirm your September 1, 1998 phone response to my August 31, 1998 letter. The message that I received upon my voice mail was as follows: When the magistrate judge does the *in camera*, you will present what you feel in good faith to be exempted under the Public Records Law. I assume, by this, that any other previously-withheld documents -- that is, those to which an exemption under the Public Records Law cannot be claimed -- will be turned over to our office forthwith. Please advise me at your earliest convenience when you will be making such documents available to us and what copying or other arrangements you want to make.

Very Truly Yours,

Brenda G. Bryn

cc: Assistant State Attorney Chuck Morton  
Assistant State Attorney Jim McLane

| Miami | Ft. Lauderdale | West Palm Beach |
|---|---|---|
| 150 West Flagler Street | 101 Northeast Third Avenue | 400 Australian Avenue North |
| Suite 1500 | Suite 202 | Suite 300 |
| Miami, FL 33130-1555 | Ft. Lauderdale, FL 33301-1100 | West Palm Beach, FL 33401-5040 |
| Tel: (305) 536-6900 | Tel: (954) 356-7436 | Tel: (561) 833-6288 |
| (305) FPD-HELP | Fax: (954) 356-7556 | Fax: (561) 833-0368 |
| Fax: (305) 530-7120 | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-7207-CIV-GRAHAM
(Magistrate Judge Sorrentino)

Florida Bar No. 0708224

TIMOTHY BROWN,

    Petitioner,

v.

HARRY K. SINGLETARY,

    Respondent.

## UNOPPOSED MOTION FOR PERMISSION TO FILE AMENDED PETITION AFTER CONCLUSION OF *IN CAMERA* REVIEW

The Petitioner, Timothy Brown, through counsel, respectfully requests that the Court allow him to file his amended petition in this case thirty (30) days from the conclusion of the *in camera* review, and in support thereof, states:

1. On September 17, 1998, Judge Graham issued an order allowing the Attorney General a month to "submit a reasonable amount of the material he believes is not subject to discovery *in camera*."

2. By that same order, Judge Graham ordered that within three weeks of September 17, Mr. Brown file an amended petition for § 2254 relief, adding a claim concerning the voluntariness of his confession. Accordingly, the amended petition is currently due to be filed on October 8, 1998.

3. Undersigned counsel did not receive Judge Graham's order until September 23, 1998. Counsel was out of the office from September 17-18 at the Federal Defenders' Seminar in Hawk's Cay, Florida, and immediately thereafter, was out for Rosh Hashanah (September 21-22).

Exhibit C

4. Upon arriving back at the office on September 23, counsel spoke with AAG Celia Terenzio, who advised counsel that she would be contacting Magistrate Judge Sorrentino's chambers to arrange the *in camera*. Ms. Terenzio promised to advise counsel when that *in camera* was set up, and to serve counsel with a copy of the "statement summarizing in detail the material submitted and the specific legal objections interposed as to each item submitted." Ms. Terenzio advised counsel that each and every withheld document would be turned over to Magistrate Judge Sorrentino for the *in camera* review. According to Ms. Terenzio, none of the previously-withheld documents would be provided to the defense without a prior *in camera* review.

5. Other than speaking with Ms. Terenzio on September 23, counsel spent the rest of September 23 preparing her office for Hurricane Georges. The office was then closed on September 24-25 due to the hurricane warning, and counsel was out of the office again on September 30 for Yom Kippur. In the meantime, counsel had to file a petition for rehearing in *United States v. Heath*, ___ F.3d ___, 1998 WL 610573 (11th Cir. 1998), which was mailed out on October 2. Counsel was out of the office again on October 6-7 for the Jewish holiday of Succot. Although counsel has certainly thought through and begun to prepare Mr. Brown's amended petition, these many unavoidable absences from the office due to observance of religious holidays, and the *Heath* petition for rehearing, have not left counsel sufficient time to complete the amended petition.

6. Unfortunately, it is unlikely that counsel will have sufficient time to finalize that petition in the next few weeks either. Counsel will be out of the office again on October 12-13 for the Jewish holidays of Shemini Atzeret and Simchat Torah, and counsel has an initial brief in *United States v. Alcides Ramos*, Case No. 97-5913, due on October 15. Counsel must then file a reply brief in *Nelson Zambrano v. United States*, Case No. 98-4404 on October 19; go up north on family business from

2

October 21-23; and then file an answer brief in *United States v. Wilma Bush*, Case No. 98-4894, on November 2, 1998.

7. Counsel wishes to make the amended petition as complete as possible. Towards that end, AAG Terenzio has agreed that it makes sense *not* to file the amended petition until the Court has concluded its *in camera* review, and has definitively determined which of the withheld documents must be turned over to Mr. Brown as public records.[1] This way, Mr. Brown will not have to file a Second Amended Complaint to incorporate facts or claims derived from these "public records."

WHEREFORE, the petitioner, TIMOTHY BROWN, respectfully requests that the Court allow him to file his amended petition within thirty (30) days of conclusion of the Court's *in camera* review of the withheld documents and determination as to which of the withheld documents are indeed public records.

```
                                    KATHLEEN M. WILLIAMS
                                    FEDERAL PUBLIC DEFENDER

                                    By: [signature]
                                    Brenda G. Bryn, Assistant
                                    Federal Public Defender
                                    Attorney for Petitioner Brown
                                    101 N.E. 3rd Avenue, Suite 202
                                    Ft. Lauderdale, Florida 33301
                                    Tel./FAX (954) 356-7436/7556
```

---

[1] Although counsel has not yet received the Attorney General's "statement summarizing in detail the material submitted and the specific legal objection(s) interposed as to each item submitted," there may have to be some litigation as to the completeness of the *in camera* production, if that list does not include at the very least, the documentation surrounding the Keith King plea offer(s) and polygraph examination (documents which must exist in the state attorney's file, have never been provided, and are not exempt under *Kokal*). As of September 23, Ms. Terenzio was unaware of such documentation among the withheld material provided her by the State Attorney's Office. Counsel specifically asked Ms. Terenzio to look into this possible omission, before the *in camera* production.

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was mailed this ___7th___ day of ___October___, 1998 to Assistant Attorney General Celia Terenzio, 1655 Palm Beach Lakes Boulevard, Suite 300, West Palm Beach, Florida 33401-2299.

_____
Brenda G. Bryn

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this 20th day of October, 1998, to Assistant Attorney General Celia Terenzio, 1655 Palm Beach Lakes Boulevard, Suite 300, West Pam Beach, Florida 33401-2299.

Brenda G. Bryn