UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY_____D.C

98 NOV -6  PM 4: 09

C____ ___ LUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

_____

TIMOTHY BROWN,                    :

            Petitioner,          :          CASE NO.  95-7207-CIV-GRAHAM
                                              MAGISTRATE JUDGE SORRENTINO
v.                                :

HARRY K. SINGLETARY,              :

            Respondents.          :

_____

_____

RESPONDENT'S OBJECTIONS TO PETITIONER'S MOTION FOR SUBPOENA
TO BROWARD STATE ATTORNEY'S OFFICE FOR POLYGRAPH(S) OF
KEITH KING AND ALL DOCUMENTATION SURROUNDING THAT POLYGRAPH,
AS WELL AS ANY AND ALL DOCUMENTATION CONCERNING PLEA
OFFER(S) MADE TO KEITH KING AND TIMOTHY BROWN

_____

        COMES NOW, Michael J. Satz, State Attorney for Broward
County Florida, by and through undersigned counsel, and requests
respectfully that the Court deny Petitioner's motion for subpoena
*duces tecum* and as grounds states:

        1.   The Petitioner is not entitled to the requested subpoena
as he has received all of the public records to which he is
entitled under Florida law.  Further, the non-public records
withheld from the Petitioner have been delivered to this Court for
an *in camera* review.  The Petitioner admits he received a copy of
the Respondent's "Notice of Submission of Materials for *In Camera*

Brown v. Singletary #95-7207-CIV-GRAHAM

Inspection" which outlined the legal basis for each claimed exception and identified the class of documents withheld. Thus, the State Attorney has complied fully with the Florida Public Records Act and this Court's order dated September 17, 1998. Moreover, a good faith showing of the existence of the sought after documents has not been made by the Petitioner. This leads to the conclusion that the Petitioner's request was intended to abuse the system and embarrass the State Attorney.

2. Under section 119.07(1) Florida Statutes (1997), the records custodian shall furnish copies of the record upon payment of the appropriate fee and pursuant to section 119.07(2)(a), Florida Statutes (1997), the records custodian may withhold documents from disclosure which fall under a recognized exception. Here, the requested public records were delivered to Petitioner along with a form noting exempted documents had been withheld, and identifying the basis for such exemptions. (Exhibit 1). Hence, the State Attorney met all of his obligations under chapter 119, Florida Statutes and Florida case law.

3. On October 15, 1998, pursuant to this Court's order[1] of September 17, 1998, the State Attorney delivered to the Court, for an *in camera* inspection, those materials withheld under valid public records exceptions. (Exhibit 2). The specific basis for the

---

[1] The Court's order directed the State Attorney to submit the material he believed was not subject to discovery.

Brown v. Singletary #95-7207-CIV-GRAHAM          2

exemptions were included in the notice accompanying the documents. Logic would dictate that there is nothing more to be disclosed.

3.   In spite of this complete disclosure, Petitioner's counsel, Brenda Bryn, asks this Court to grant the instant motion and issue a subpoena *duces tecum* for an alleged polygraph examination of Keith King and attendant materials as well as all alleged documentation concerning plea offers made to Keith King and Timothy Brown.   Even though Ms. Bryn's claim is unsupported, she persists in accusing the State Attorney of withholding documents. Before Ms. Bryn is rewarded for her groundless accusation, she should be required to prove in fact these materials were even generated.

5.   It is incomprehensible that Ms. Bryn would request this Court to issue a subpoena on the flimsy and suppositional allegations she has presented.   As such, the Respondent opposes such motion and asserts that the Petitioner has not established a valid basis for his request in either law or fact.

6.   Ms. Bryn claims that a polygraph[2] test was performed on Keith King and that related documentation was generated surrounding

---

[2]   Petitioner asserts that if Keith King passed his alleged polygraph examination, insight may be gained on the voluntariness of Petitioner's statement.   It would appear that if Mr. King claimed innocence and passed the polygraph, this information would detract from Petitioner's claims of coercion and innocence.

Brown v. Singletary #95-7207-CIV-GRAHAM        3

the test.  The <u>sole</u> basis for her allegation[3] and claim that such materials even exist, let alone are in the possession of the State Attorney, appears to be a newspaper article from the March 18, 1994 Sun-Sentinel.

7.   It would seem that Ms. Bryn's assertions have not been made in good faith.  In fact, she has failed to demonstrate that she extended even the smallest effort to ascertain from a reliable and verifiable source whether a polygraph examination was ever performed upon Keith King.  At the minimum, this Court should expect Ms. Bryn to have contacted Keith King's trial counsels to discover whether the defense requested or approved a polygraph examination <u>and</u> to have presented the trial counsels' responses to the Court.  Logic and common sense would dictate that the trial counsels should have been Ms. Bryn's first contact.

8.   Ms. Bryn has not presented an affidavit attesting to the fact that a polygraph test was completed for Keith King and by whom such test was requested.  Moreover, Ms. Bryn has not substantiated that the alleged tests and supporting documentation were ever disclosed to the State Attorney's office.  Instead, she relies upon

---

[3]   It is imprudent and should be unacceptable for the Petitioner to validate his claim through the use of a newspaper article.  Clearly, not all newspapers are bastions of truth nor are all articles unquestionably accurate.  Especially suspect is the article, such as the one at issue here, that does not cite the sources of the facts printed.

"beliefs" and a newspaper article[4] as the basis for asserting the State Attorney has the alleged polygraph material and is withholding it.  Such assertion is based upon nothing more than pure conjecture and innuendo.

9.  Ms. Bryn expects this Court to rely upon her unsubstantiated declaration as the basis for issuing a subpoena. It seems that Ms. Bryn's claim is best characterized as frivolous and without reliable proof that a polygraph test was performed. Such an unsupported claim, after the State Attorney's office has met its public records obligations, borders upon harassment.  In essence, Ms. Bryn is asking the State Attorney to attest that his office does not have possession of Keith King's alleged polygraph examination before it even has been established that an examination was conducted.

10.  Additionally, Ms. Bryn asserts that upon "information and belief" there was substantial communication between the State Attorney and the prosecutor related to the plea offers made in the underlying criminal prosecution.  Upon this pronouncement, Ms. Bryn seeks any notes, memoranda, or other documentation evidencing these communications, and demands that if these documents do not exist, the State Attorney should state so in writing.

11.  Initially, the Court will observe that the Petitioner has

---

[4]  The Court will note that the newspaper article fails to attribute the alleged polygraph to the State.

not established any alleged discussions between the State Attorney and his staff, let alone, reduced to writing so as to fall under chapter 119[5]. Most important, this Court will note that Ms. Bryn has cited neither state nor federal case law for the proposition that the State Attorney or his records custodian must attest that the documents sought by the Petitioner do not exist, especially in light of the prior complete public records disclosure.

12. Moreover, such a writing is both improper and unnecessary. The only person authorized to address the contents of a public record is the public records custodian. As noted above, any questions or requests addressed to these public materials must be directed to the records custodian. Fla. Stat. § 119.07(1)(a) and (2)(a) (1997). Hence, the State Attorney is not the proper party from whom to seek validation of what a case file does not contain.

13. The public records request form that accompanied the documents delivered to the Petitioner indicated the exemptions for the materials withheld by the State. (Exhibit 1). Further, these withheld documents have been identified and delivered to this Court for inspection and the Petitioner admits receiving a copy of

---

[5] Under section 119.011(1), Florida Statutes (1997), "Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.

Respondent's "Notice". (Exhibit 2 and Petitioner's Motion for Subpoena, page 2, ¶2). Given this complete disclosure, the Court should question the Petitioner's motive in seeking to depose Assistant State Attorney, Chuck Morton.

14. Finally, Ms. Bryn has not established the legal propriety of deposing Mr. Morton about plea discussions he may or may not have had with the State Attorney. At the very least, any oral discussions should be considered privileged communications between two attorneys representing the State of Florida.

15. The records custodian has complied with the dictates of chapter 119 and, pursuant to this Court's order, the withheld documents have been delivered for inspection. Petitioner has made no showing whatsoever that the State has not complied fully with its legal obligations. Thus, there is no basis for a subpoena *duces tecum* and the Petitioner is not entitled to depose Chuck Morton.

WHEREFORE the State Attorney requests respectfully this Court deny Petitioner's motion seeking a subpoena *duces tecum* and the alternative request to depose Chuck Morton.

Respectfully submitted,
ROBERT A. BUTTERWORTH
ATTORNEY GENERAL


Celia Terenzio
Assistant Attorney General
Fla. Bar No. 656879

OFFICE OF THE ATTORNEY GENERAL
Criminal Appeals Division
1655 Palm Beach Lakes Boulevard
Suite 300
West Palm Beach, Florida  33401
Telephone:  (561) 688-7759

Attorney for Respondent


## CERTIFICATE OF SERVICE

I CERTIFY that I caused a true and correct copy of the foregoing to be served by U.S. Mail to BRENDA G. BRYN, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301 this 5th day of November, 1998.


Celia Terenzio
Assistant Attorney General

# EXHIBIT   1

MICHAEL J. SATZ
**STATE ATTORNEY**
SEVENTEENTH JUDICIAL CIRCUIT OF FLORIDA

BROWARD COUNTY COURTHOUSE
FORT LAUDERDALE, FLORIDA 33301

## PUBLIC RECORDS REQUEST

REQUESTOR: _Investigator Ramon Ramjoue_ DATE _8-28-97_
       (Name)                                (Agency/Firm)         (Phone/FAX)
       _356 - 7436 X 102_                     _356 - 7556_

Pursuant to Chapter 119, Florida Statutes, request is made for:

**Request Type** *(Check one)*  ☐ Review only. *  ☐ Review and copies.*  ☒ Copies only.

**Record Type** *(Check all that apply)* ☒ Criminal case.  ☐ SAO Investigation.  ☐ Personnel/Admin. Record.

Describe record(s) _(1) Timothy Brown 91-14293 (F105)_
_(2) Keith King 91-14293 (F103)_
_#104 -7A-F      HTA I (11)_

*Notice: There is a per-page charge for all copies.  Enter billing address here or affix a business card.*

---

*(For SAO use only)*

☒ Approved       ☐ Disapproved

Reviewed by ASA _Jim McLane_

Date _9/15/97_

*See Notes/Exemptions/Redactions indicated below (✔).*

☐ Request Withdrawn -- Date _____

☐ SAO has no record as requested.

☐ SAO record was destroyed per §119.041, F.S.

☐ Copies made by SAO staff.    ☐ Copies made by vendor.    ☐ Documents *FAX*'d to requestor.    * ☐ Review completed _____

### Notes/Exemptions from Public Records Disclosure
*(For Reviewing ASA use only)*

☑ **Criminal History data exempt,** per §119.072, F.S. *( N.C.I.C. (s) ) J.M.C.*

☐ **Victim identifying information is redacted,** per §119.07(3)(f), F.S.

☐ **Confession, if any, by Defendant exempt,** per §119.07(3)(k), F.S.

☐ **Prosecutor's personal, pre-trial, in-preparation-of litigation, hand-written notes exempt.** State v. Kokal, 562 So2d 324 (Fla. 1990)

☐ **Defendant not entitled to free copy of file.** Roesch v. State, 633 So2d 1 (Fla. 1993)

☐ **Defendant's medical records exempt.** State v. Wenger, 560 So2d 347 (Fla. 5DCA 1990); §395.3025(8), F.S.

☐ **P.S.I. exempt,** per Fla.R.Crim.P. 3.712, §945.10, F.S.

☐ **Victim's medical records, exempt,** per §395.3025(8), F.S.

☑ **Defendant's juvenile record, if any, exempt, per §39.045(8), F.S.**

☐ **Identity of confidential informant exempt,** per §119.07(3)(c), F.S.

☐ **On active, pending cases, information not disclosed to defense in discovery exempt,** Satz v. Blankenship, 407 So2d 396 (Fla. 4DCA 1981), subject to redaction of all victim information, per §119.07(3)(f), F.S.

☐ **Identity of undercover personnel exempt,** per §119.07(3)(e), F.S.

☐ **Home addresses, etc., of current or former prosecutors, law enforcement personnel, firefighters, judges, and code inspectors exempt,** per §119.07(3)(i), F.S.

☐ **Surveillance techniques, procedures, or personnel exempt,** per §119.07(3)(d), F.S.

☐ **Social security numbers of state employees exempt,** per §119.07(3)(i), (x), F.S.

☐ **Personal assets of the victim of a crime exempt,** per §119.07(3)(g), (s), F.S.

☐ **Personal victim information exempt,** per §119.07(3)(s), F.S.

☐ **Criminal intelligence or investigative information obtained prior to 1/25/79 exempt,** per §119.07(3)(h), F.S.

☐ **Reports of child abuse exempt,** per §415.51, F.S.

ORIGINAL - ADM/2        COPY - Requesting Party        COPY - Rec/Com File

\Forms\pubrec req

SA17 ADM/ED Rev 07/97

# EXHIBIT   2

96-1-140109

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  95-7207-CIV-GRAHAM
MAGISTRATE JUDGE SORRENTINO

TIMOTHY BROWN,                    :

     Petitioner,                  :

v.                                :

HARRY K. SINGLETARY,              :

     Respondents.                 :



_____

## NOTICE OF SUBMISSION OF MATERIALS FOR IN CAMERA INSPECTION

COMES NOW, Michael J. Satz, State Attorney for Broward County Florida, by and through undersigned counsel, pursuant to this Court's order dated September 17, 1998 and submits the materials believed not subject to discovery for an *in camera* inspection and as grounds states:

1.  This Court ordered Respondent to summarize in detail the materials submitted and specify the legal objection(s) interposed as to each item.  Some of the items withheld were exempted by statute while other records were withheld because the State Attorney is not the custodian of those documents.

2.   Under section 119.021, Florida Statutes (1997), the custodian of records is defined as "the elected or appointed state, county, or municipal officer charged with the responsibility of maintaining the office having public records, or his or her designee."  It is the custodian of those records who is charged with the responsibility of permitting public examination and it is to that person to whom public records requests must be made. Section 119.07(1), Florida Statutes (1997).  Conversely, those parties who are not the custodian of public records are not authorized to disseminate them to the public.  In those instances where the State Attorney has obtained documents from another governmental agency, the State Attorney does not become the custodian of those records; therefore, he may not release those materials even when presented with a public records request.

3.   The documents have been separated into eleven groups as follows:

> **Group A** - State Attorney's Juvenile Criminal Records for Keith King identified by a **red tab** and broken down by case number;
>
> **Group B** - HRS Juvenile Delinquency Criminal Records for Keith King identified by a **blue tab** and broken down by case number;
>
> **Group C** - Psychological Reports of Keith King identified by a **pink tab**;
>
> **Group D** - Medical Reports for Keith King identified by a **green tab** and separated by the institution which rendered medical care;

**Group E** - School Records of Keith King identified by a **yellow tab**;

**Group F** -State Attorney's Juvenile Criminal Records for Timothy Brown identified by a **red tab** and broken down by case number;

**Group G** - HRS Juvenile Criminal Records for Timothy Brown identified by a **blue tab** and broken down by case number;

**Group H** - State Attorney's Presentence Investigation Report for Timothy Brown in case number 91-14793 identified by a **orange tab**;

**Group I** - Attorney's Notes in case number 91-14793 identified by a **black tab**;

**Group J** - School Records for Timothy Brown identified by a **yellow tab**; and

**Group K** - NCIC Reports/Criminal History Data identified by a **purple tab**.

4.   The materials included in **Group A** (**red tabs**) are the records either generated by the State Attorney, received from the juvenile's attorney, or court orders rendered in the **Juvenile Delinquency/Criminal cases** of Keith King ("King"). These files contain such documents as juvenile arrest reports, petitions for adjudication of delinquency, summons, orders of the court, demands for discovery, answers to demands for discovery, requests of subpoenas, subpoenas, notices of taking depositions, certificates of non-appearance, community control sanctions, notices of hearing, petitions for detention, and applications for counsel. The Court should note that not every file contains each of the above cited

documents; however, all of the documents contained in the files were generated for and used in the prosecution of the juvenile for his criminal behavior.   Additionally, the Court will find files containing documents related to the prosecution for the murder of Officer Patrick Behan who is the subject of the Petitioner's federal habeas corpus petition.   These documents are separate from those of case number 91-14793 because, when King was arrested, he was treated as a juvenile.   King's juvenile designation and treatment continued up until the time he was deemed an adult for purposes of this charge and transferred to Adult Circuit Court. The documentation generated while he was designated a juvenile has remained in the juvenile files and is maintained pursuant to chapter 985, Florida Statutes.

Because these materials were generated in juvenile delinquency cases, they are exempt from public records disclosure pursuant to section 985.04(3), Florida Statutes (1997).   Under this section, law enforcement agents, including the State Attorney, may not disclose juvenile criminal records.   Hence, this Court should conclude that the juvenile criminal files of King are not public records subject to discovery.

5.   **Group B (blue tabs)** contains the records generated by the **Department of Health and Rehabilitative Services ("HRS"),** now known as the Department of Children and Family Services, in connection with the **Juvenile Delinquency/Criminal Cases** of King.   These files

contain documents such as recommendations to the State Attorney, HRS intake forms, client information forms, referral histories, rights of the juvenile defendants, court worksheets for social file, requests of detention, violations reports, and petitions to terminate community control. The Court will note that not every file contains each of these documents.

The State Attorney is not the custodian of these records; therefore, he may not release them to a third party. Cf. State v. Buenoano, 707 So. 2d 714 (Fla. 1998)(confidential documents transmitted from one agency to another are not converted into public records requiring disclosure - a party may seek disclosure from the agency which produced the documents originally). Further, these records are associated with a juvenile criminal defendant, some of which involve investigations of charges of sexual abuse by King upon other juveniles; thus, these records are exempt under sections 39.411(4), 985.21, and 985.04(3), Florida Statutes (1997).

Case number 91-2427 involves a charge of sexual abuse. The Court will find a completed **HRS Foster Care Licencing Application** included with this case file that was prepared for HRS by the foster home. As such, the application is the property of HRS; the State Attorney is not the custodian. Cf. Buenoano, 707 So. 2d 714 (Fla. 1998)(confidential documents transmitted from one agency to another are not converted into public records requiring disclosure - a party may seek disclosure from the agency which produced the

documents originally). Further, as these documents were shared with the State Attorney in connection with a juvenile delinquency sexual abuse investigation, such materials are exempt under sections 119.07(3)(a) and (f), Florida Statutes (1997). Additionally, these materials are exempt under sections 39.411(4), 985.21, and 985.04(3), Florida Statutes (1997). Thus, the State Attorney may not disclose this documentation to the public. This Court should find the material exempt from disclosure under section 119.07(1), Florida Statutes (1997), and find Petitioner is not entitled to these materials in discovery.

6.   Included with the documents supplied to the Court are King's **psychological reports** prepared while he was under the care of HRS. Most of the records are found in **Group C (pink tab)**; however, Mr. King did undergo a psychological evaluation while at Palmetto General Hospital. Both the medical and psychological evaluation reports are included in the file marked "K. King – Medical & Psychological Reports – Palmetto General Hosp." in **Group D**. The State Attorney does not have the authority to disclose this information as he is not the custodian. Cf. State v. Buenoano, 707 So. 2d 714 (Fla. 1998)(confidential documents transmitted from one agency to another are not converted into public records requiring disclosure - a party may seek disclosure from the agency which produced the documents originally). Further, as confidential documents, disclosure is not permitted pursuant to section 985.21,

Florida Statutes (1997). Hence, this Court should find that the Petitioner is not entitled to discovery of these reports.

7. Similarly, **medical reports and documents** are confidential. King's medical reports are included in **Group D** (**green tabs**) and separated by the institution rendering care. Under section 395.3025(4), Florida Statutes (1997), a patient's medical records are confidential and must not be disclosed without the patient's consent, except in limited situations not applicable here. Pursuant to section 395.3025(8), Florida Statute (1997), the State Attorney may not distribute a defendant's medical records. Also, these records are exempt from public disclosure. <u>State v. Wenger</u>, 560 So. 2d 347 (Fla. 5th DCA 1990).

A review of the documents will reveal that those from Broward General Medical Center and Palmetto General Hospital were prepared while Mr. King was under the protection of HRS. As such, the State Attorney is not a custodian of these records. <u>Cf. State v. Buenoano</u>, 707 So. 2d 714 (Fla. 1998)(confidential documents transmitted from one agency to another are not converted into public records requiring disclosure - a party may seek disclosure from the agency which produced the documents originally). For these reasons, the Petitioner is not entitled to discovery and the Court should deny the Petitioner's request.

8. King's **school records** are found in **Group E** (**yellow tab**). The State Attorney did not create these records and is the

custodian; therefore, he is not the appropriate party from whom to obtain their release. Cf. State v. Buenoano, 707 So. 2d 714 (Fla. 1998)(confidential documents transmitted from one agency to another are not converted into public records requiring disclosure - a party may seek disclosure from the agency which produced the documents originally).   Moreover,   pursuant   to   section 228.093(3)(d), Florida Statutes (1997), every pupil or student has a right of privacy in his school records and such records are exempt from the provisions of section 119.07(1), Florida Statutes. This Court should find that the Petitioner is not entitled to discovery of King's school records.

9.   **Group   F   (red   tab)**   contains   the   **Juvenile Delinquency/Criminal file** associated with the Petitioner.   Please refer to paragraph four for a more detailed explanation of the documents   contained   in   these   files   and   the   basis   for   their exclusion from public records disclosure.

10.   The materials in **Group G (blue tabs)** submitted to the Court contain documents prepared by HRS in association with the petitioner's **juvenile delinquency case**.   The State Attorney is not the custodian of these records.   Please refer to paragraph five for a more detailed explanation for their exclusion from the public records act and from disclosure to the Petitioner in this case.

11.   Petitioner's **Presentence investigation Report**, found in **Group H (orange tab)** and generated for case number 91-14793, is not

a public record and may not be disclosed pursuant to section 945.10, Florida Statutes (1997), and Florida Rules of Criminal Procedure Rule 3.712.

12. The State Attorney assigned to Petitioner's adult criminal prosecution made certain **hand written notes** in preparation for the grand jury and trial. These materials are found in **Group I (black tabs)** and contain such items as the notes of the attorney's impressions of the evidence, notations of witness statements or testimony, notations from voir dire, a list of case citations, and notes on possible evidence.

In <u>Johnson v. Butterworth</u>, 713 So. 2d 985 (Fla. 1998), the Florida Supreme Court reviewed cases which had grappled with the identification of "public records" and those that are not "Public records" within the meaning of Chapter 119, Florida Statutes, and concluded that not all documents prepared by an attorney are public records. Examples of documents which are not public include:

> a. … drafts or notes, which constitute mere precursors of governmental "records" and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation. <u>Shevin v. Bryon, Harless, Schaffer, Reid & Associates, Inc.</u>, 379 So. 2d 633, 640 (Fla. 1980).
>
> b. … a list in rough outline form of items needed for trial … a list of questions the [] attorney planned to ask a witness . . . a

> proposed trial outline … handwritten notes
> regarding … a meeting … notes (in rough form)
> regarding the deposition of an anticipated
> witness… . <u>Orange County v. Florida Land Co.</u>,
> 450 So. 2d 341, 344 (Fla, 5th DCA), <u>review
> denied</u>, 458 So. 2d 273 (Fla. 1984).

<u>Johnson</u> 23 Fla.L.Weekly at D385.  "Only those documents defined as

public records need be disclosed" <u>State v. Kokal</u>, 562 So. 2d 324,

328 (Fla. 1990).

The documents withheld from the Petitioner and delivered to

this Court for *in camera* inspection encompass handwritten, rough

notes related to preparation for the grand jury or trial.  These

materials also include notations made during witness testimony and

jury voir dire.  There is nothing in these materials that is

formalized; all were prepared as notes for the attorney's personal

use in helping him prosecute this case.  As such, these documents

are not public, and this Court should find that they are not

subject to discovery.

13.  The **school records** of the Petitioner are contained in

the materials delivered to the Court and may be found in **Group J**

(**yellow tab**).  As noted in paragraph eight, the State Attorney is

not the custodian of these records, and these materials are not to

be released. <u>Cf. State v. Buenoano</u>, 707 So. 2d 714 (Fla.

1998)(confidential documents transmitted from one agency to another

are not converted into public records requiring disclosure - a

party may seek disclosure from the agency which produced the

documents originally).  Similarly, such records may not be released by the custodian without the appropriate authorization pursuant to section 228.093(d).  This Court should conclude that the State Attorney is not required to disclose these documents.

14.  The final set of material withheld from the Petitioner's public records request is found in **Group K (purple tabs)**.  These documents are the **National Crime Institute Computer reports ("NCIC")** prepared for the State Attorney by a federal agency.  The State Attorney is not the custodian of these records and is precluded from disseminating the information contained in these reports.  Pursuant to section 119.072, Florida Statute (1997), criminal history data is exempt from disclosure under a public records request.  See also State v. Buenoano, 707 So. 2d 714 (Fla. 1998).  Hence, this Court should conclude that the petitioner is not entitled to this in discovery.

WHEREFORE the State Attorney requests respectfully that this Court review in camera the above referenced materials and find that none are subject to discovery in this proceeding.

Respectfully submitted,
ROBERT A. BUTTERWORTH
ATTORNEY GENERAL


Celia Terenzio
Assistant Attorney General
Fla. Bar No. 656879

OFFICE OF THE ATTORNEY GENERAL
Criminal Appeals Division
1655 Palm Beach Lakes Boulevard
Suite 300
West Palm Beach, Florida  33401
Telephone:  (561) 688-7759

Attorney for Respondent


## CERTIFICATE OF SERVICE

I CERTIFY that I caused a true and correct copy of the foregoing to be served by U.S. Mail to: THE HONORABLE DONALD L. GRAHAM, 99 N.E. 4th Street, Suite 1067, Miami, Florida 33132 and to BRENDA G. BRYN, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301 **and by courier to THE HONORABLE CHARLENE H. SORRENTINO, Federal Courthouse Square, 301 N. Miami Avenue, Room 132, Miami, Florida 33128-7788** this _15__ day of October, 1998.


Celia Terenzio
Assistant Attorney General

Brown v. Singletary
Case No.: 95-7207-CIV-GRAHAM



# OFFICE OF THE ATTORNEY GENERAL

### DEPARTMENT OF LEGAL AFFAIRS

### THE CAPITOL

TALLAHASSEE, FLORIDA 32399-1050

**Criminal Appeals**
1655 Palm Beach Lakes Blvd., Suite 300
West Palm Beach, FL 33401-2299
(407) 688-7759; FAX (407) 688-7771

**ROBERT A. BUTTERWORTH**
*Attorney General*
*State of Florida*

October 15, 1998

The Honorable Charlene Sorrentino
300 N.E. 1st Avenue
Room 132
Miami, Florida 33132

Re:  Timothy Brown v. Harry K. Singletary, Jr.
     Case No.: 95-7207-CIV-Graham
     In Camera Inspection

Dear Judge Sorrentino:

A copy of the State Attorney's Notice of Submission of Materials
for In Camera Inspection is enclosed.  The original notice and
box of documents has been delivered to the Clerk of Courts.  Some
of the documents submitted are originals, therefore, special
handling is required.

In the event this Court determines that certain documents should
be disclosed to Mr. Brown, the State Attorney requests the Court
not release those documents.  Instead, those materials should be
returned to the State Attorney so that copies may be made for Mr.
Brown and the appropriate fee charged.

Thank you for your consideration of this request.

Sincerely yours,
ROBERT A. BUTTERWORTH
Attorney General

*Leslie T. Campbell*

*for* CELIA TERENZIO
     Assistant Attorney General


cc:  Brenda G. Bryn, Esq.
encl.

AN AFFIRMATIVE ACTION/EQUAL OPPORTUNITY EMPLOYER